(No. 15285.—Decree affirmed.)

GEORGE MOY *et al.* Appellants, *vs.* THE CITY OF CHICAGO
*et al.* Appellees.

*Opinion filed June 20, 1923—Rehearing denied October 4, 1923.*

1. MUNICIPAL CORPORATIONS—*power of city council under para-
graph 78 of section 1 of article 5 of the Cities and Villages act.*
Under paragraph 78 of section 1, article 5, of the Cities and Vil-
lages act the city council has power to enact an ordinance compell-
ing any owner or occupant of a building to keep it in a sanitary
condition and to conduct his business so that it will not endanger
the health of the employees or of the public.

2. SAME—*what police power is given by paragraph 66 of sec-
tion 1 of article 5 of Cities and Villages act.* Paragraph 66 of sec-
tion 1 of article 5 of the Cities and Villages act is not a delegation
to cities of all the police powers of the State, but it gives munici-
palities the power to pass and enforce all police ordinances which
may be necessary with reference to the subjects and occupations
which by other specific paragraphs of said section the municipali-
ties are given express authority to regulate and control.

3. SAME—*city has power to regulate laundries.* Under para-
graphs 66 and 78 of section 1 of article 5 of the Cities and Vil-
lages act an ordinance to regulate the establishment and operation
of laundries by making certain restrictions designed to prevent the
spread of contagious diseases and to protect the health of employ-
ees and the public is authorized, and may provide a license fee to
cover the expense of properly enforcing the regulations.

4. SAME—*ordinance may delegate power to determine when its
provisions are being disobeyed.* An ordinance may delegate to ad-
ministrative officers the power to determine when its provisions
are being disobeyed, but an ordinance or statute which subjects a
person's rights to the discretion of an officer without any rules or
provisions in the law to control the officer is void.

5. SAME—*ordinance regulating laundries may delegate power to
recommend revocation of a license.* An ordinance licensing and
regulating the operation of laundries may delegate to the city
health commissioner the power to recommend to the mayor that a
license be revoked when in the determination of the commissioner
a laundry is being operated in violation of the specific provisions
of the ordinance designed to protect the health of the city.

6. SAME—*when classification in an ordinance is valid.* The city
council may classify persons or objects for the purpose of legisla-

tion where the classification is based on some substantial difference with a proper relation to the classification.

7. SAME—*ordinance regulating laundries may exclude domestic washings.* An ordinance regulating the operation of laundries for the purpose of protecting the health of the city may provide that it shall not apply to a woman doing custom laundry work in her home, or to laundry work in a tenement house or other dwelling, for the occupants of the building, only.

8. SAME—*when equity will not take jurisdiction of bill to enjoin enforcement of ordinance.* Under no circumstances will a court of equity entertain a bill to enjoin the enforcement of an ordinance on the ground, alone, that it is void, but those seeking to restrain its enforcement must allege facts showing that their interests are affected, and complainants have no right to challenge the validity of a provision which does not affect them.

9. SAME—*when, only, will equity enjoin ordinance to prevent multiplicity of suits.* Courts of equity are reluctant to take jurisdiction of a bill to enjoin the enforcement of a municipal ordinance on a subject matter about which the municipality has power to legislate, and will not do so to prevent a multiplicity of suits unless the ordinance affects a right or interest common to a large number of complainants.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

JACOB LEVY, for appellants.

SAMUEL A. ETTELSON, Corporation Counsel, (ALBERT S. O'SULLIVAN, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The city of Chicago passed an ordinance regulating the establishment and operation of laundries and making it unlawful for any person to operate a laundry without a license. Among other things, the ordinance provides that no laundry shall be established or conducted in any building which is not equipped to provide sufficient natural light on clear days to "show a minimum illumination of five-foot candles" in all parts of each room; that no person shall be permitted

to sleep in any laundry or in any room in direct connection with such laundry; that all rooms used as a laundry or for the storage of laundered or unlaundered fabrics shall be kept in good repair and in a clean and sanitary condition; that no person who has a communicable or contagious disease shall be employed in any laundry; that all rooms used for laundry purposes shall be ventilated so that a complete change of air in all parts of such rooms may be made at least four times each hour; that there shall be at least 1000 cubic feet of air space provided for each person employed therein; that the floors of all such rooms shall be substantial, tight floors, constructed of impervious material, and shall be properly drained to a public sewer; that every laundry shall be equipped with adequate sanitary plumbing, drainage and lavatory facilities; and provides a penalty for the violation of any of the provisions. On behalf of themselves and all other persons interested, appellants filed a bill to enjoin the enforcement of the ordinance on the ground that it is void. A general demurrer was filed, a hearing was had before the chancellor, and the bill was dismissed for want of equity. The chancellor granted an appeal to this court.

Appellants argue that the ordinance is passed pursuant to the eighty-second paragraph of section 1 of article 5 of the Cities and Villages act. (Laws of 1919, p. 285.) This paragraph was declared void in *People* v. *Kaul,* 302 Ill. 317. If the ordinance depended upon this paragraph for its validity it could not stand. The ordinance is clearly a health regulation, and the city had authority, under paragraph 78 of the same section, to pass the ordinance. That paragraph provides that the city shall have power "to do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease." This clause gives the city the power to compel any owner or occupant of a building to keep it in a sanitary condition and to conduct his business so that it will not endanger the

health of the employees or of the public. (*City of Chicago v. Pettibone & Co.* 267 Ill. 573.) We have held that the city has authority, under this provision, to regulate the conduct of bakeries (*City of Chicago v. Drogasawacz,* 256 Ill. 34,) and the distribution of milk. (*Koy v. City of Chicago,* 263 Ill. 122.) Under paragraph 66, which gives cities the power to "pass and enforce all necessary police ordinances," the city council is given authority to pass this ordinance to carry out the purposes of paragraph 78. Paragraph 66 is not a delegation to the municipalities of all the police powers of the State, but it gives municipalities the power to pass and enforce all police ordinances which may be necessary in reference to the subjects and occupations which by other specific paragraphs such municipalities are given express authority to regulate and control. (*City of Chicago v. M. & M. Hotel Co.* 248 Ill. 264.) Before an ordinance can be sustained as an exercise of the police power it must tend in some degree toward the accomplishment of the object sought to be attained. If it clearly had no reasonable relation to any of the subjects over which municipalities are given authority of regulation and control, the ordinance would be invalid as an unauthorized invasion of private rights. It is manifest that the laundry business is of that character which without proper regulation may create unsanitary and unhealthful conditions, and that by the employment therein of persons suffering from communicable or contagious diseases, or by the improper mixing and laundering of the soiled linens of different people, the health of the public is seriously endangered. There seems to be no doubt that the city had authority, under paragraphs 66 and 78, to regulate the establishment and operation of laundries and to provide a license fee to care for the additional expense incurred by the city in properly enforcing such regulation.

It is next contended that the ordinance is void for the reason that it delegates to the health commissioner legisla-

tive powers. Section 3 provides that he shall recommend the issuance of a license to a laundry if he "shall be satisfied that the proposed laundry is in conformity with the provisions of this ordinance." Section 6 provides that "the mayor, upon recommendation of the commissioner of health, shall revoke any license granted under the terms of this ordinance for the violation of any of the provisions of this ordinance at any time that it may appear to his satisfaction, from the recommendation of the commissioner of health, that the maintenance of any such laundry is dangerous or detrimental to the health of the city or the health of the persons employed therein." The city council has power to delegate to administrative officers the power to determine when the provisions of an ordinance are being disobeyed, (*Spiegler* v. *City of Chicago,* 216 Ill. 114; *People* v. *Robertson,* 302 id. 422;) and so the provision of section 3 to which objection is made is valid. On the other hand, a statute or ordinance which subjects a person's rights to the discretion of an officer without any rules or provisions in the law to control the officer is void. (*People* v. *Sholem,* 294 Ill. 204.) If section 6 were construed to give to the health commissioner arbitrary power to determine when the condition of a laundry was dangerous or detrimental to the health of the employees or the public it would be void, but a reasonable construction must be placed upon the language used, and it seems clear, reading all the provisions of the ordinance, that this section gives the health commissioner authority to recommend the revocation of the license granted only when a laundry is being operated in violation of the specific provisions of the ordinance designed to protect the health and safety of the employees and the public. Properly construed, this provision is unobjectionable.

It is further contended that the ordinance is void for the reason that it provides that "this ordinance shall not apply to any female engaged in doing custom laundry work in her home for regular family trade, nor to any room,

rooms or portion thereof located in a tenement house or other dwelling in which domestic laundry work is done by or for the occupants of such building exclusively." The purpose of this provision is to relieve the family laundress and the domestic laundry, where only a small amount of work is done, whether this domestic laundry is operated by a male or female, from the regulations which are made applicable to commercial laundries. The power of the city council to classify persons or objects for the purpose of legislation or control and to pass laws applicable only to such persons or objects has been sustained by numerous decisions of this court, where the classification is based on some substantial difference which bears a proper relation to the classification. (*People* v. *Schenck,* 257 Ill. 384; *Goodrich* v. *Busse,* 247 id. 366.) There is no valid constitutional objection to the classification made in this ordinance.

Appellants contend that the second paragraph of section 20 of the ordinance is void for the reason that it provides that "no new laundry shall be established in any tenement house situated in the city of Chicago," thereby discriminating between laundries now in operation in tenement houses and those hereafter to be established. None of the complainants are now affected by this provision, so far as this record shows, and they have no right to challenge its validity. Under no circumstances will a court of equity entertain a bill to enjoin the enforcement of an ordinance on the ground, alone, that it is void. Those seeking to restrain its enforcement must allege facts showing their interests are affected by it. (*Kearney* v. *City of Canton,* 273 Ill. 507.) Courts of equity are reluctant to take jurisdiction of a case to enjoin the enforcement of a municipal ordinance on a matter on which the municipality has the power to legislate, and will not do so to prevent a multiplicity of suits unless the ordinance actually affects a right or interest common to a large number of complainants.

We have answered all the contentions of appellants and do not pass on the validity of those provisions of the ordinance which have not been attacked. The general scheme of the ordinance is within the legislative power, and if special provisions of the ordinance affecting certain persons engaged in the laundry business are void such persons have a complete remedy at law.

The brief filed on behalf of appellees does not meet the points made by appellants, and the labor of preparing a brief for the appellees which should have been prepared by counsel has devolved upon us. Counsel can be of great help to the court if they will conform to rule 15, and properly brief, and support with argument, the propositions they advance to sustain their respective positions.

The decree of the superior court is affirmed.

*Decree affirmed.*

---

(No. 15369.—Judgment reversed; order set aside.)
JOSEPH K. CHOATE, Receiver, *et al.* Appellants, *vs.* THE COMMERCE COMMISSION, Appellee.

*Opinion filed June 20, 1923—Rehearing denied October 4, 1923.*