(No. 15902.—Decree affirmed.)

CHARLES DON *et al.* Appellants, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed October 28, 1924—Rehearing denied Dec. 4, 1924.*

1. STATUTES—*effect of invalid section in a statute or ordinance.* If different sections of a statute or ordinance are independent of each other that which is unconstitutional may be disregarded and the valid sections may stand and be enforced, but if an obnoxious section is of such import that without it the other sections would cause results not contemplated or desired by the enacting body, then the entire statute or ordinance must be held inoperative.

2. MUNICIPAL CORPORATIONS—*when validity of certain provision of ordinance is not material in injunction suit.* In a proceeding to enjoin a city from prosecuting suits against the complainants for operating laundries in tenement buildings without a license, in violation of an ordinance, the validity of a provision of such ordinance prohibiting the establishment of any new laundries in such buildings is not material, as such provision does not affect the provision requiring the complainants to procure licenses.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

JACOB LEVY, for appellants.

Francis X. Busch, Corporation Counsel, (Leon Hornstein, of counsel,) for appellees.

Mr. Justice Heard delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dissolving a temporary injunction restraining the city of Chicago, its agents and servants, from prosecuting suits in the municipal court of Chicago against the complainants for operating laundries in tenement buildings in the city of Chicago without a license, and dismissing complainants' bill in chancery for want of equity.

Complainants' bill alleges that the city of Chicago passed an ordinance regulating the establishment and operation of laundries and making it unlawful for any person to operate a laundry without a license. The ordinance, in detail, is made a part of the bill, and among other things it contains the following provision: "No new laundry shall hereafter be established in any tenement house situated in the city of Chicago, and if any existing laundry shall be vacated, discontinued or unused for a period of more than six consecutive months and shall thereafter be re-opened and re-established as a laundry, such laundry shall be considered a new laundry for the purpose of this chapter." The bill of complaint alleges that complainants are all Chinese and operate Chinese laundries in the city of Chicago in what are designated by the building code of Chicago as tenement buildings, which laundries have been established since the passage of the ordinance; that there are in the city of Chicago over two hundred laundries in the like situation and circumstances whose rights and interests are affected by the ordinance in common with those of the complainants; that the city of Chicago has instituted suits in the municipal court of Chicago against all of the complainants and has threatened to arrest each and every one of the other two hundred laundry owners who are operating new laundries in tenement buildings; that the ordinance is void and that

the prosecution of these suits will cause a multiplicity of suits; that a large number of laundries which were in operation prior to the passage of the ordinance are now being operated in the city; that the ordinance is discriminatory, invalid and void. The bill prays that the city of Chicago and its health commissioner may be enjoined and restrained from interfering with the management and operation of said premises and from prosecuting any suit to collect a penalty for the operation of a laundry in a tenement, against any of the complainants. The bill does not allege that the complainants have been licensed by the city of Chicago to operate laundries or that they have made application for and been refused such license.

The ordinance in question is the same ordinance, or one very similar to it, which was under consideration in *Moy v. City of Chicago,* 309 Ill. 242, where this court held that the city of Chicago was authorized by paragraphs 66 and 78 of section 1 of article 5 of the Cities and Villages act to pass an ordinance regulating the establishment and operation of laundries, making certain restrictions designed to prevent the spread of contagious disease and to protect the health of employees and the public, and that it may provide a license fee to cover the expense of properly enforcing the regulations. Complainants having neither obtained a license nor been denied the same upon proper application, the city has a right to prosecute complainants, and all persons similarly situated, for violating the ordinance by operating laundries without a license unless the ordinance requiring a license is invalid.

It is contended by appellants that the portion of the ordinance prohibiting new laundries in tenement houses and allowing old laundries to be conducted in tenement houses is unconstitutional. Even if this provision of the ordinance is unconstitutional, complainants would be guilty of operating laundries without a license, and the city would have a right to maintain the suits in question unless the entire ordi-

nance was invalid by reason of the unconstitutionality of this one provision. If different sections of a statute or an ordinance are independent of each other, that which is unconstitutional may be disregarded and valid sections may stand and be enforced, but if an obnoxious section is of such import that the other sections without it would cause results not contemplated or desired by the enacting body, then the entire statute or ordinance must be held inoperative. (*Connolly* v. *Union Sewer Pipe Co.* 184 U. S. 540.) The section of the ordinance in question providing that no new laundries shall be established in tenement houses is not an integral or essential part of the scheme or plan of the ordinance. The other sections of the ordinance are entirely independent of it and provide a complete scheme for the establishment, regulation, licensing and operation of laundries, independent of and without reference to the section in question. This section is not of such import that the other sections without it would cause results not contemplated or desired by the city council. No reason has been assigned or can be assigned why, as a matter of public policy, the city council would not have passed the ordinance with the section in question eliminated. It follows, therefore, that even if the section were to be held unconstitutional, its unconstitutionality would not affect the other provisions of the ordinance, and that the question of its unconstitutionality is not a material one in this suit.

It was incumbent upon complainants by their bill to allege sufficient ultimate facts to entitle them to the relief prayed for and to have set up in their bill a complete defense to the suits brought and to those threatened. Not having done so, defendants' demurrer was properly sustained.

The decree of the circuit court is affirmed.

*Decree affirmed.*