The City of Rockford, Appellant, *vs.* James Nolan, Appellee.

*Opinion filed February 17, 1925.*

1. Municipal corporations—*legislative power of municipality must be derived from statute.* A municipal corporation possesses no inherent power but its existence and its powers are derived from the General Assembly, and in order to legislate upon or with reference to a particular subject or occupation it must be able to point out the statute which gives it the power to do so.

2. Same—*statutes giving powers to municipalities are strictly construed.* Statutes which grant powers to municipal corporations are strictly construed, and any fair or reasonable doubt of the existence of such powers is resolved against the municipality which claims the right to exercise them.

3. Same—*what implied powers are possessed by municipal corporation.* The implied powers which a municipal corporation possesses and can exercise are those necessarily incident to the powers expressly granted.

4. Same—*power of city to license must be expressly granted or necessarily implied.* As a city has no power, except by delegation from the General Assembly, to license any occupation or to require the payment of a tax for the privilege of engaging in it, the power must be expressly granted in the city's charter or necessarily implied in or incident to the power expressly delegated.

5. Same—*city may regulate only the occupations enumerated in section 1 of article 5 of the Cities and Villages act.* The express enumeration in section 1 of article 5 of the Cities and Villages act of the occupations or businesses, not nuisances *per se,* over which the city is given control is the exclusion of all other occupations or businesses, but the city's power to legislate upon a given subject or with reference to a particular occupation is not necessarily derived from one item of the enumeration.

6. Same—*power to regulate use of streets and alleys does not include power to license.* The power to open and improve streets and public ways and to regulate their use, given by sub-sections 7 and 9 of section 1 of article 5 of the Cities and Villages act, does not include the licensing of an occupation or business.

7. Same—*sub-section 42 of section 1 of article 5 of Cities and Villages act does not authorize licensing of business of letting motor vehicles for hire.* Sub-section 42 of section 1 of article 5 of

the Cities and Villages act, giving cities power to license, tax and regulate hackmen, draymen, omnibus drivers, carters, cabmen, porters or expressmen, "and all others pursuing like occupations," does not authorize an ordinance exacting a license from every person who lets to another for hire a motor vehicle without a driver, giving the bailee sole custody and control of the car, as the reference to "like occupations" is limited to pursuits of the same class or nature as those specified.

8. SAME—*sub-section 66 of section 1 of article 5 of Cities and Villages act does not give unlimited police power.* The authority granted by sub-section 66 of section 1 of article 5 of the Cities and Villages act to regulate the police and to pass and enforce all necessary police ordinances is not a delegation of unlimited police power to municipal corporations but the sub-section merely authorizes the exercise of the police power to make effective the powers expressly given, and it cannot be relied upon as giving power to license an occupation in the absence of express power to license.

9. BAILMENTS—*bailor of motor vehicle is not responsible to a third person for negligence of bailee—ordinance.* The rule that the bailor in a contract of bailment for hire, who does not retain control of the chattel, is not responsible to a third person for its negligent use by the bailee, applies where a motor vehicle is let for hire and the bailee is given sole custody and control of the car, and the Cities and Villages act does not authorize the enactment of an ordinance changing the rule.

APPEAL from the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding.

DAVID D. MADDEN, Corporation Counsel, and WILLIAM D. KNIGHT, City Attorney, for appellant.

HYER, GILL & RANG, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

A complaint was filed before a police magistrate of the city of Rockford that James Nolan on December 14, 1923, violated the provisions of an ordinance of that city entitled "An ordinance regulating motor trucks and motor vehicles rented by the day, hour or otherwise, when no driver or

chauffeur is furnished." The magistrate found Nolan guilty and imposed upon him a fine of $10 and costs. Nolan appealed to the circuit court of Winnebago county, and upon a trial in that court without a jury he was found not guilty. The city prosecutes this appeal, the validity of a municipal ordinance being involved in the case and the trial judge having certified that in his opinion the public interest requires that the appeal should be taken directly to this court.

The first section of the ordinance provides that no person shall let or cause to be let, or keep or use or cause to be kept or used, for rent or hire, either by the day or otherwise, when no driver or chauffeur is furnished, any motor truck or motor vehicle for the transportation of persons or property without obtaining a license therefor, as required by and otherwise complying with the ordinance. Section 2 authorizes the mayor to issue such a license to any person over twenty-one years of age upon the deposit with the city clerk of an insurance policy, as required by the third section, and the execution of a bond, to the satisfaction of the mayor, in the sum of $500, conditioned upon the prompt payment to the city of all penalties and damages for which the licensee may become liable, and upon the payment to the city clerk for each such truck or vehicle of a license fee ranging from $5 to $25 annually, depending upon its capacity. The third section requires every applicant for a license (1) to file with the city clerk an application setting forth the make or type of vehicle used, its engine, factory and State license number and its seating or carrying capacity; and (2) to deposit with the city clerk an insurance policy issued by a company authorized to transact business in this State, and providing, among other things, (*a*) for the payment of any final judgment that may be rendered against the insured because of the negligent operation of such truck or vehicle by its driver, in a sum not exceeding $5000 for injuries to any one person, $10,000 for injuries to more than one person, and $5000 for damages to prop-

erty; (*b*) that in the event of a final judgment against the insured within the company's liability, payment of or on account of the policy shall not be made to the insured within one year from the rendition of the judgment without the written consent of the person recovering it, who shall be subrogated to all the rights of the insured and may directly enforce the company's liability on the policy, if any; and (*c*) that the policy's stipulations and conditions concerning accidents and claims, and any rules governing the conduct of the insured, shall not be a defense to any action brought on the policy by any person other than the insured. The third section further provides that every licensee shall keep such insurance in force; that the insurance company shall give the city clerk written notice of any proposed cancellation of the policy, and that upon any such cancellation the license shall become void and no truck or vehicle shall be operated under it until a new insurance policy shall have been filed. Section 4 fixes the expiration of all licenses granted pursuant to the ordinance, and the fifth section prescribes a penalty of not less than $5 nor more than $200 for the violation of any of its provisions.

At the time this prosecution was instituted, appellee, Nolan, conducted a garage in Rockford. He had three sedans and one roadster, which he let, without a driver or chauffeur, for the transportation of passengers. He interrogated the person who sought to rent one of these automobiles to determine whether he was capable of driving it, and he refused to let a car to a child, an intoxicated person or one unable to operate it. He made a certain charge per mile for the use of each car, plus twenty cents an hour on Sundays and holidays and after six o'clock P. M. on other days. The person who rented a car was not only permitted to use it in Rockford, but might drive it beyond the city limits and even out of the State. Nolan had never applied for a license under the ordinance nor had he given the bond or the insurance policy required by its provisions.

Appellant contends that the ordinance is authorized by the 7th, 9th, 42d and 66th sub-sections of section 1 of article 5 of the Cities and Villages act, (Smith's Stat. 1923, p. 222,) while appellee insists (1) that the city of Rockford lacks the power to enact the ordinance; (2) that the ordinance is unreasonable; and (3) that it violates both the State and Federal constitutions.

A municipal corporation derives its existence and its powers from the General Assembly. It possesses no inherent power. In order to legislate upon or with reference to a particular subject or occupation it must be able to point out the statute which gives it the power to do so. A statute which grants powers to a municipal corporation is strictly construed, and any fair or reasonable doubt of the existence of such powers is resolved against the municipality which claims the right to exercise them. The implied powers which a municipal corporation possesses and can exercise are those necessarily incident to the powers expressly granted. Since a city has no power, except by delegation from the General Assembly, to license any occupation or to require the payment of a tax for the privilege of engaging in it, the power must be expressly granted in the city's charter or necessarily implied in or incident to the power expressly delegated. (*Arms* v. *City of Chicago,* 314 Ill. 316; *Potson* v. *City of Chicago,* 304 id. 222; *Condon* v. *Village of Forest Park,* 278 id. 218; *City of Chicago* v. *Pettibone & Co.* 267 id. 573; *City of Chicago* v. *M. & M. Hotel Co.* 248 id. 264; *Wilkie* v. *City of Chicago,* 188 id. 444.) The express enumeration in section 1 of article 5 of the Cities and Villages act of the occupations or businesses which are not nuisances *per se,* over which the city is given control is the exclusion of all other occupations or businesses. (*Arms* v. *City of Chicago, supra; Potson* v. *City of Chicago, supra; People* v. *City of Chicago,* 261 Ill. 16.) But the city's power to legislate upon a given subject or with reference to a particular occupation is not neces-

sarily derived from one item of the enumeration. It may be derived from several. *Arms* v. *City of Chicago, supra; Consumers Co.* v. *City of Chicago,* 313 Ill. 408; *Potson* v. *City of Chicago, supra; Gundling* v. *City of Chicago,* 176 Ill. 340.

The sub-sections of section 1 of article 5 of the Cities and Villages act (Smith's Stat. 1923, pp. 222, 223, 224,) which appellant asserts support the ordinance are:

"*Seventh*—To lay out, to establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, wharves, parks and public grounds, and vacate the same.

"*Ninth*—To regulate the use of the same.

"*Forty-second*—To license, tax and regulate hackmen, draymen, omnibus drivers, carters, cabmen, porters, expressmen and all others pursuing like occupations, and to prescribe their compensation.

"*Sixty-sixth*—To regulate the police of the city or village and pass and enforce all necessary police ordinances."

The seventh sub-section confers general authority to open and improve streets and public ways, while sub-section 9 grants the power to regulate their use. Neither authorizes the licensing of an occupation or business and obviously cannot be invoked to sustain the ordinance in question.

Each of the occupations which the city is specifically authorized by sub-section 42 to license, tax and regulate involves the operation of the vehicle upon or the use of the streets and public places of the city by the licensee. The words "and all others pursuing like occupations," which follow the specific enumeration of occupations in the subsection, are limited to pursuits of the same class or nature as those specified. (*Potson* v. *City of Chicago, supra; People* v. *City of Chicago, supra.*) The ordinance here involved does not license, tax or regulate hackmen, draymen, omnibus drivers, carters, cabmen, porters or expressmen. It

316—5

does exact a license from every person who lets to another for hire a motor vehicle without a driver and by whose letting the bailee obtains sole custody and exclusive control of the car and drives it wherever he desires. The business regulated by the ordinance is essentially different from the occupations specified in sub-section 42, and that statutory provision does not, either expressly or by implication, authorize the ordinance in question here.

The authority granted by sub-section 66 to regulate the police and to pass and enforce all necessary police ordinances is not a delegation of the entire police power of the State to municipal corporations. It was not the intent of the General Assembly by that sub-section to confer upon cities and villages unrestrained or unlimited police power. It merely authorizes the exercise of that power to make effective the powers expressly given. (*Arms* v. *City of Chicago, supra; Moy* v. *City of Chicago,* 309 Ill. 242; *Stoessand* v. *Frank,* 283 id. 271; *City of Chicago* v. *M. & M. Hotel Co. supra.*) In the absence of express power to pass the ordinance in question sub-section 66 cannot support it.

The ordinance requires of the bailor an insurance policy, which shall provide, among other things, for the payment of any final judgment for damages resulting from the negligent operation of the car by the bailee, the subrogation of the person recovering such judgment to the bailor's rights against the insurance company, and the abrogation of the rules and stipulations of the policy, although binding upon the insured, as a defense to an action on the policy by any other person. The bailor in a contract of bailment for hire who does not retain control of the chattel is not responsible to a third person for its negligent use by the bailee. (3 R. C. L. 145; 6 Corpus Juris, 1151.) The rule applies to a motor vehicle let under the same conditions. (Berry on Automobiles,—3d ed.—sec. 1306, p. 1178.) The

ordinance attempts to change the law upon the subject. No such power has been delegated to a city council by subsections 7, 9, 42 or 66 of section 1 of article 5 of the Cities and Villages act.

The ordinance in question is void for the want of authority to pass it. The judgment of the circuit court must therefore be affirmed.            *Judgment affirmed.*