CITY OF CORPUS CHRISTI v. TEXAS
DRIVERLESS CO. et al.

No. 11479.

Court of Civil Appeals of Texas.
San Antonio.

April 18, 1945.

Rehearing Denied May 23, 1945.

I. M. Singer and Hodge Thompson, both of Corpus Christi, for appellant.

Ward & Brown, of Corpus Christi, for appellee.

MURRAY, Justice.

This suit was instituted by L. C. Mc-Claugherty, doing business as the Texas Driverless Company, and Checker Driverless Company, a private corporation, against the City of Corpus Christi, and its officers and governing body, seeking to enjoin the City from enforcing an ordinance regulating and licensing "Driverless Automobiles."

The trial judge concluded that the ordinance was invalid for the following reasons:

"a) Defendant City is without authority to exact the license fees or taxes imposed by Section 9 of the Ordinance.

"b) Defendant City is without authority to exact the insurance policy (or cash securities in lieu thereof) provided by Section 10 of the Ordinance.

"c) Defendant City is without authority to prohibit the owner, operator or lessee from operating driverless automobiles on the streets of the City without first obtaining a certificate of public convenience and necessity, as provided by Section 6 of the Ordinance.

"d) Defendant City is without authority to regulate the maximum fares to be

charged by the operators of driverless automobiles business as provided by Section 15 of the Ordinance.

"e) That the penalties fixed by Section 20 of the Ordinance are unlawful and void."

The prayer for temporary injunction was therefore granted and the City, through its officers, has prosecuted this appeal.

We agree with the first two conclusions reached by the trial judge. It is true that the City of Corpus Christi is a home rule city and as such may exercise broad powers, nevertheless, there are limitations beyond which such a city cannot go. Such a city cannot legally enact an ordinance which is in conflict with or repugnant to a State statute.

Section 9 of the ordinance under consideration provided, in effect, that persons or corporations engaged in the business of renting "driverless automobiles" must pay a license fee of $20.00 per automobile per annum.

Article 6698, Vernon's Ann.Civ.Stats., reads as follows:

"The certificate of registration and numbering for purposes of identification, and the fees herein provided for shall be in lieu of all other similar registrations heretofore required by any county, municipality or other political subdivision of this State, and no such registration fees or other like burdens shall be required of any owner of any motor vehicle or motorcycle by any county, municipality or other sub-division of the State. * * *"

Said section 9 of the ordinance, requiring the payment of an annual fee of $20 per automobile, is clearly in conflict with the provisions of this article, which says: "and no such registration fees or other like burdens shall be required of any owner of any motor vehicle or motorcycle by any county, municipality or other sub-division of the State." A. B. C. Storage & Moving Company v. City of Houston, Tex.Civ.App., 269 S.W. 882; Doeppenschmidt v. City of New Braunfels, Tex.Civ.App., 289 S.W. 425; Genusa v. City of Houston, Tex.Civ.App., 10 S.W.2d 772.

Appellant's second point is: "The court erred in holding that the Ordinance regulating the business of renting driverless automobiles was invalid on the grounds that defendant City is without authority to exact the insurance policy (or cash securities in lieu thereof) provided by Section 10 of the Ordinance." We overrule this contention. In Genusa v. City of Houston, Tex.Civ.App., 10 S.W.2d 772, 775, the Court said:

"No rule, perhaps, is better settled than that, under the common law of England, except as liability may be imposed by statute or the owner may have been guilty of personal negligence, as, where he has knowingly intrusted his vehicle to an incompetent driver, such owner is not liable for the damage caused by negligence of one to whom he may hire or loan his vehicle, and to whom he has relinquished control over the vehicle, and who uses it for his own purposes. Under the common-law rule, to impose liability upon the owner for the acts of the hirer or borrower, he must have been acting as the agent or servant of the owner. * * *"

See also City of Rockford v. Nolan, 316 Ill. 60, 146 N.E. 564.

As to the other findings of the trial court we do not agree. A home rule city does have the right of reasonable regulation of the business of driverless automobiles conducted within its limits and upon its streets. City of San Antonio v. Besteiro, Tex.Civ.App., 209 S.W. 472; Genusa v. City of Houston, Tex.Civ.App., 10 S.W. 2d 772.

The original opinion of March 7, 1945, is withdrawn and this opinion substituted therefor. Appellant's motion for leave to make oral argument on its motion for a rehearing is overruled as is the motion for a rehearing. Appellant is given leave to file a second motion for a rehearing if it so desires.

The judgment of the trial court will be reformed so as to restrain the city from the enforcement only of Sections 9 and 10 of the ordinance involved, and as thus reformed the judgment is affirmed.