Joseph Adolph Moreno, Plaintiff-Appellant, v. George E. Beckwith, Defendant-Appellee, Frank C. Krohn, Jr., Defendant.

Gen. No. 66–39.

Second District.

January 13, 1967.

Simon Stickgold, of Woodstock, for appellant.

Allen and Herrmann, of Woodstock, and Jerome H. Torshen, of Chicago, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of McHenry County. The suit was for personal injuries sustained by plaintiff, Joseph Adolph Moreno, when an automobile he was driving struck a Black Angus bull on Route 14 about six miles southeast of Harvard, Illinois. The jury returned a verdict against both defendants and assessed plaintiff's damages at $10,000. Post-trial motions to set aside the verdict were filed by both defendants. Krohn's motion was denied. The Trial Court, however, granted defendant Beckwith's motion. Orders were entered setting aside the verdict against Beckwith and entering judgment for Beckwith notwithstanding the verdict.

Frank Austin, owner of the Black Angus bull herein involved, gave possession of it to defendant, Frank C. Krohn, Jr., a dealer in cattle, in late July of 1961. Krohn rented the bull to defendant, George E. Beckwith for $35. Beckwith was to use the bull for two months to breed his cattle. Beckwith owned and operated a 150-acre farm in McHenry County, through which Route 14 ran. Beckwith's wife operated a nursing home on the farm.

On the morning of September 6, 1961, the date of the accident, Krohn asked Beckwith if he could use the bull for a few hours to breed a cow belonging to Edgar Pierce, who operated a farm a few miles from the Beckwith farm. Beckwith agreed. Krohn did not take the bull at that

time, but left the Beckwith farm and returned at 5:00 p. m. that afternoon. Beckwith then helped Krohn load the bull on a truck. Krohn, as he left, told Beckwith he would be back with the bull in a couple of hours. Krohn took the bull to the Pierce farm. Beckwith did not share in the fee paid by Pierce to Krohn.

At about 7:30 p. m., Krohn returned to the Beckwith farm with the bull. Neither Beckwith nor his wife were at home at the time. While Krohn, unaided, was attempting to unload the bull from his truck, the bull escaped and started off down Route 14. Krohn spent about 30 minutes trying to capture the bull but lost it in the darkness. Krohn testified he heard the bull and some cows "bellering" and believed the bull had gone to a nearby farm owned by a George Smith. He returned to the Beckwith farm and told a nurse employed by Mrs. Beckwith that the bull was loose and had gone over to the Smith farm. He asked the nurse to tell Beckwith "that the bull is out there, over at George Smith's, that he would be out the next morning to pick him up at George Smith's and bring him home."

Beckwith testified that he returned home about 9:15 p. m. Upon being told what happened, he said he took a lantern and went to try to find the bull. Beckwith testified he looked for the bull for about 45 minutes before going into his house to retire for the night.

Plaintiff, Joseph Moreno, testified he did not see the bull on the highway until he was about 10 feet from it. He struck the bull at about 10:30 p. m. on September 6. The point of impact was on the highway alongside the Beckwith farm.

Plaintiff urges that the trial court misunderstood the law of the case, refused to instruct the jury concerning the existence of the so-called "Animal Statute" (Ill Rev Stats, 1965, c 8, § 1) and threw upon the plaintiff the

burden of affirmatively establishing defendant's negligence. Plaintiff admits the alleged errors did not impair the jury's comprehension of the case in that it found both defendants guilty as charged in the complaint. In consequence, we are of the opinion it is not necessary for us to pass upon this point when viewed in the light of the finding of the jury.

■■ The principal contention of the plaintiff is that the record contains sufficient evidence to support the jury's verdict against both defendants and that the court erred in setting aside the verdict against Beckwith. The motion for a judgment notwithstanding the verdict should be denied if there is any evidence in the record which, standing alone and taken with all its intendments most favorable to plaintiff, tends to prove the material elements of plaintiff's case. Only when there is a complete absence of probative facts to support the conclusion drawn by the jury is it proper to grant a motion for judgment notwithstanding the verdict. Miller v. DeWitt, 59 Ill App2d 38, 115, 208 NE2d 249; Rodgers v. Meyers & Smith, Inc., 57 Ill App2d 200, 202, 206 NE2d 845; Stilfield v. Iowa-Illinois Gas & Elec. Co., 25 Ill App2d 478, 482, 167 NE2d 295.

Accordingly, we turn our consideration to an analysis of the evidence and all of its aspects most favorable to the plaintiff. Krohn-had leased the bull to Beckwith. On the day in question, however, Krohn had retaken possession of the bull and had taken it to the Pierce farm to breed with one of the Pierce cows. Beckwith was not a part to this transaction. When Krohn attempted to return the bull to the Beckwith farm, it escaped. Unable to capture the bull, Krohn left a message for Beckwith that the bull had gone over to the Smith farm and that in the morning he, Krohn, would return it to Beckwith. From the time on the evening of September 6 when Krohn

446

picked up the bull, Beckwith had neither possession nor control of the bull. The animal was never returned to his custody or control. It escaped from the custody and control of Krohn, an experienced dealer in cattle. Krohn's message for Beckwith was that the bull was at the Smith farm and that he would return it to Beckwith in the morning.

At the time the bull escaped and was at large, it was the object of a bailment. Beckwith was the bailor and Krohn was the bailee. The bailee is liable for injuries resulting to a third party from animals which are the subject of the bailment. Farrell v. Crawford, 222 Ill App 499, 503; Ward v. Brown, 64 Ill 307, 309. A bailor cannot be held responsible to a third party for injuries resulting from his bailee's negligent use of bailed property. City of Rockford v. Nolan, 316 Ill 60, 66, 146 NE 564; Dean v. Ketter, 328 Ill App 206, 213, 65 NE2d 572; Singer v. Cross, 257 Ill App 41, 43, 44.

After carefully reviewing the record, we are of the opinion that the trial court did not commit error in setting aside the verdict against Beckwith.

Judgment affirmed.

MORAN, P. J. and SEIDENFELD, J., concur.