PHILIP WADYCKI, Plaintiff-Appellant, v. VANEE FOODS COMPANY *et al.*, Defendants-Appellees (Vanee Foods Company *et al.*, Counterplaintiffs; R & L Recycling Corporation, Counterdefendant).

First District (6th Division)   No. 1—90—0135

Opinion filed December 28, 1990.

Bleiman & Zenner, of Chicago (Leo M. Bleiman and Laura Monahan-Jarvis, of counsel), for appellant.

Orner & Wasserman, of Chicago (Norton Wasserman and Mary A. Mazurek, of counsel), for appellees Vanee Foods Company and Vanee Builders Corporation.

Kiesler & Berman, of Chicago (R. Howard Jump and Patti M. Deuel, of counsel), for appellee R & L Recycling Corporation.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Berkeley police officer Philip Wadycki was injured while on duty May 4, 1986, when he went on to private property to restack cardboard debris that had fallen from an open truck trailer. As he stepped into the trailer to close one door, he slipped on loose cardboard and fell out of the trailer, injuring his wrist and shoulder. He sued the landowners and the owner of the trailer alleging that their negligence was the direct and proximate cause of his injuries. The landowners, Vanee Foods Company and Vanee Builders Corporation, and the trailer owner, R & L Recycling Corporation, moved for summary judgment. The trial court granted defendants' motions for summary judgment and plaintiff appeals.

The facts in the case are not in dispute. In his deposition, Wadycki testified that he was on duty May 4, 1986, and was assigned to patrol an industrial park including the property owned by defendants Vanee Foods Company and Vanee Builders Corporation (Vanee). While there, he noticed a trailer on the property used by Vanee for storage of recycled cardboard. The trailer, owned by R & L Recycling Corporation (R & L) had cardboard spilling out of its opened rear doors. Wadycki picked up cardboard on the ground nearby and placed it inside the trailer. When he attempted to close the trailer doors, one would not close because of some flat cardboard pieces protruding out the bottom. Wadycki climbed a freestanding ladder nearby and put one foot into the trailer in an effort to close the doors. As he put his foot down on some loose cardboard, he slipped and fell to the ground, se-

verely injuring his right wrist and shoulder.

The trailer, owned by R & L, was located on Vanee's property as part of an oral contract between the companies. R & L would deliver a trailer to Vanee and when Vanee filled the trailer, R & L would return and haul it away, replacing it with an empty trailer.

On January 28, 1988, Wadycki sued Vanee and R & L, charging that their negligent acts and omissions were the proximate cause of his injuries. On May 18, 1988, Vanee filed a counterclaim, seeking contribution from R & L. On June 16, 1988, the trial court entered an agreed order striking the complaint and giving the plaintiff 28 days to file an amended complaint. On January 12, 1989, plaintiff filed an amended complaint naming the same defendants.

Wadycki alleged that each defendant "failed to adequately inspect the trailer, failed to place steps, ramps or other devices to gain access to the trailer, improperly loaded and unloaded the trailer in such a manner that the contents thereof were allowed to be discharged and failed to provide a safe means of ingress and egress from the trailer when they knew or in the exercise of ordinary care, should have known that such means of entry and exit were necessary for persons to gain access to the trailer." Wadycki charged that Vanee "failed to secure the doors of the trailer to prevent the discharge of materials" and that R & L "failed to place adequate locks or devices on the doors of the trailer to prevent the discharge of materials."

The defendants moved for summary judgment. On January 2, 1990, the trial court granted the defendants' summary judgment motions. The court found that the case against Vanee was governed by *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538, which held that the possessor of land has a duty to protect police officers and fire fighters against known dangerous conditions on their land only if the danger is an unreasonable risk of harm not inherent to their occupation and the possessor of the land expects the invitee will not discover or realize the danger or will fail to protect himself against the danger.

The court in *Fancil* refused to permit a cause of action by the widow of a police officer after the officer was murdered by burglars while he was on patrol in a poorly lit grocery store lot. The action, brought under a theory of common law negligence, alleged that the grocer disconnected a mercury light that had been used for exterior illumination and would have revealed the burglars' presence. The officer's widow alleged that this act breached the grocer's duty to protect invitees from foreseeable criminal acts committed by a third party.

In its decision, the supreme court adopted the position in the

Restatement (Second) of Torts, section 345(2), which states that liability to an officer or fire fighter falls under the same rule stated in section 343, which provides: "A possessor of land is subject to liability for physical harm caused to his invitees by a condition of the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts §343, at 215-16 (1965).

The trial court here, before granting the defendants' motion for summary judgment, commented that picking up garbage and closing truck trailer doors "is just not considered unreasonably dangerous." The court questioned plaintiff's view that the landowner would know the officer was unaware of the condition. The trial court found that since Vanee owed no duty to plaintiff, the bailor, R & L, also owed no duty to plaintiff.

The *Fancil* court held that no duty, other than one of ordinary care, existed because the fact that the property was not illuminated was obvious to all. In addition, the court held that defendant was protected by a defense afforded those who own land on which a police officer suffers an injury. The court found that the danger of being ambushed by criminals was an "inherent risk" of an officer's occupation and therefore plaintiff was not liable for an injury incurred in such a manner. This "inherent risk" principle has been relied on as a defense by plaintiffs in other cases and relied on by the courts.

Though the trial court relied on *Fancil*'s inherent risk defense, we can affirm its decision based on wholly different grounds (*Village of Schaumburg v. Franberg* (1981), 99 Ill. App. 3d 1, 424 N.E.2d 1239) and do so here because we hold that defendants owed no duty to plaintiff other than a duty of ordinary care.

A motion for summary judgment should be granted where there is no genuine issue as to any material fact based on the affidavits, depositions, admissions, exhibits and pleading in the case. (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457, 459.) Even though a complaint and answer may purport to raise issues of material fact, if such issues are not further supported by evidentiary facts through affidavits or such, summary judgment is then appropriate. *Carruthers*, 57 Ill. 2d at 380.

To recover damages for common law negligence, plaintiff must prove a breach of a duty owed to him (*Barnes v. Washington*

(1973), 56 Ill. 2d 22, 26, 305 N.E.2d 535, 538) and plaintiff must show that the breach was the direct and proximate cause of his injuries. (*Pitts v. Basile* (1966), 35 Ill. 2d 49, 54, 219 N.E.2d 472, 475.) Whether a duty exists between two parties is a question of law to be determined by the courts. *Barnes*, 56 Ill. 2d 22.

On appeal, Vanee relies òn *Fancil* and *Murphy v. Ambassador East* (1977), 54 Ill. App. 3d 980, 984, 370 N.E.2d 124. The court in *Murphy* upheld the dismissal of a negligence suit brought by a police officer who injured his hand in an elevator door after he responded to the hotel's request for an officer to remove a dead person from a hotel room. The officer was injured while trying to open a stuck elevator door. The court, relying on *Fancil*, held that a freight elevator door was not an unreasonable risk of harm inherent to his occupation. The court also said that the police officer should have realized the risk that existed and protected himself. *Murphy*, 54 Ill. App. 3d at 985.

Defendants argue here that Wadycki was at the accident scene as part of his regular patrol duties and that he knowingly stepped on a piece of flattened cardboard before he fell. Defendants argue that the cardboard was not an unreasonable risk of harm and, even if it were, it was clearly one plaintiff could have been expected to discover. Wadycki testified that the cardboard he stepped on was on an angle, already beginning to slide out of the trailer, and that as soon as he firmly planted his foot on it, it slid further and he "went with it." In his deposition, he testified that nothing other than the piece of cardboard caused the fall and that nothing about the trailer itself caused the fall.

Plaintiff, however, contends the trial court was in error to apply *Fancil*'s inherent risk principle because it is a defense that only bars an action where a police officer is exposed to a risk of harm inherent to his or her duty and training. Plaintiff argues that police officers are not trained or assigned to pick up garbage. Instead, plaintiff contends that the trial court should have applied basic land occupier liability principles.

The Premises Liability Act states: "The distinction under the common law between invitees and licensees as to the duty owed by an owner or occupier of any premises to such entrants is abolished. The duty owed to such entrants is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." (Ill. Rev. Stat. 1985, ch. 80, par. 302.) Plaintiff reasons that since he was lawfully on the premises of Vanee, he was owed a duty of reasonable care and the trial court was in error to find, as a matter of law, that no duty existed.

Plaintiff argues further that the trial court was in error to decide factual questions, including whether Wadycki was exposed to a danger, whether the danger was open and obvious, whether the ladder was in a dangerous condition and whether Vanee's handling of its cardboard trash was unreasonably dangerous.

■ Plaintiff's reliance on the Premises Liability Act is in error. The Premises Liability Act did not significantly alter the common law duty by an owner or occupier of premises to invitees such as Wadycki. Instead, the Act retracted special but limited immunity from tort liability enjoyed by owners and occupiers of land with respect to licensees. *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223.

In addition, we need not apply *Fancil*'s defense of the inherent risk principle because we find that defendants owed no duty to plaintiff under the test enunciated in *Ward*, which applies section 343 of the Restatement (Second) of Torts. In *Ward*, plaintiff sought recovery for injuries suffered when he ran into a post located a few feet outside the exit door of a K mart store. The court held that K mart's duty of reasonable care encompassed the risk that one of its customers, while carrying a large, bulky item, would collide with the post upon exiting the store. (*Ward*, 136 Ill. 2d at 157.) The court found that even though some conditions may be "known" or "obvious," a defendant's duty may still extend to situations where the defendant can anticipate that a plaintiff may, whether from distraction or forgetfulness, fail to avoid the risk posed. *Ward*, 136 Ill. 2d at 156.

■ We find defendants could not have anticipated plaintiff's injuries here though the risk of injury was obvious to plaintiff. Wadycki's deposition testimony was dispositive of the issue of whether he was aware of the risk, unreasonable or otherwise as defined under section 343. Wadycki testified that he saw the cardboard on an incline and knew that it was falling out of the truck when he stepped down onto a piece of cardboard that slid from beneath his foot. We agree with the trial court that plaintiff was not exposed to an unreasonable risk, but even if an unreasonable risk existed, surely it was a risk known to the officer at the time of the accident.

As an additional argument, plaintiff urged this court to follow New Jersey law and make a distinction between negligent acts encountered at the scene and negligent acts that bring an officer to the scene. However, since we find the defendants owed no duty to plaintiff as a matter of law, we need not explore the distinction between an unreasonable risk that brings the officer into a given situation and an unreasonable risk that exists after the officer has arrived.

■ On appeal plaintiff argues also that R & L can be liable as a bailor as an exception to the general rule that a bailor is not liable to a third party for negligent use by the bailee of his bailed property. (*Moreno v. Beckwith* (1967), 77 Ill. App. 2d 443, 222 N.E.2d 918.) An exception to the general rule is spelled out in *Huckabee v. Bell & Howell, Inc.* (1968), 102 Ill. App. 2d 429, 243 N.E.2d 317, where the court said: "[A] bailor is liable to a third party for an injury if (1) he supplied the chattel in question; (2) the chattel was defective at the time it was supplied; (3) the defect could have been discovered by reasonable inspection; and (4) the defect was the proximate cause of the injury." *Huckabee*, 102 Ill. App. 2d at 439; see also *Galluccio v. Hertz Corp.* (1971), 1 Ill. App. 3d 272, 274 N.E.2d 178 (overruling *Huckabee* to the extent that it expanded a bailor's liability to strict liability where the object of the bailment went into the stream of commerce).

Plaintiff argues that the trailer supplied by R & L was defective chattel because it was unsuitable for the storage of debris, was not provided with adequate trailer door locks and had no safe means to enter and exit. Plaintiff argues further that this defective chattel proximately caused plaintiff's injuries.

Defendant R & L argues that plaintiff has failed to plead any specific defect in the trailer, contending summarily that the trailer was "unsuitable" for its current use. Defendant R & L argues that plaintiff also failed to plead how any defect in the trailer was the proximate cause of his injury. Defendant notes that Wadycki testified at his deposition that nothing about the trailer caused his fall and that his slip on the cardboard was the sole reason he was injured.

■ We agree with defendant R & L that plaintiff has not met his burden to support his reliance on the exception in *Huckabee*. Nothing in plaintiff's complaint, deposition or other documents alleges any R & L action which proximately caused plaintiff's injuries. In his deposition testimony, Wadycki testified that nothing was wrong with the trailer. He made no reference to bent ladder legs or a lack of a handrail and neither does the complaint itself contain such allegations of defects. These are mentioned for the first time in plaintiff's brief on appeal.

The trial court found that since Vanee owed no special duty to plaintiff, R & L owed no similar duty. We find that plaintiff failed to show in what way R & L, as bailor, came within the exceptions of *Huckabee* and that therefore no duty existed. The trial court properly granted R & L's motion for summary judgment.

■ We affirm the trial court order. We hold that, as a matter of law, defendants owed no duty to Wadycki because the cardboard and

trailer were not an unreasonable risk and any risk that might have existed was an open and obvious one. The trial court properly granted defendants' motions for summary judgment.

Judgment affirmed.

McNAMARA and RAKOWSKI, JJ., concur.