PAMELA JILL CASEY, Plaintiff-Appellant, *v.* THAD W. PENN, Defendant-Appellee.

Second District (1st Division)    No. 74-400

Supplemental opinion filed on denial of rehearing May 12, 1977.*

Herbert F. Stride and William J. Harte, both of Chicago, for appellant.

Edward A. Puisis and Robert L. Snook, both of Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, for appellee.

SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

It would be more desirable to issue a modified opinion upon denial of rehearing, an example being found in the case of *American Federation of Technical Engineers, Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263, 347 N.E.2d 712. Unfortunately the original opinion herein was published before the expiration of the time for filing of a petition for rehearing, which was in fact received by the clerk of this court after the time for filing had expired but which had been mailed within proper time.

We have reviewed the defendant's contention that this court failed to recite facts favorable to the defendant which would alter the result in this case. We do not agree. We have reviewed the alleged misstatement of facts in the original opinion and do not find that they were such as would change our decision herein. We do point out a portion of the opinion which could be misconstrued in which we stated that the defendant did not examine the surgical site until four days after the operation. The operation took place on Monday, June 5, and actually the defendant did examine the plaintiff within 72 hours of the operation on Thursday, June

---

* The opinion of the court in this case is published at 45 Ill. App. 3d 573.

8. We do not feel that the other alleged misstatements of facts necessitate comment.

The basic contention of the defendant is that the court improperly substituted its judgment for that of the jury. In our original opinion we noted that the supreme court in *Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 310, 356 N.E.2d 32, 36, recently reviewed the proper standard to be applied by a court of review in determining the propriety of a trial court's denial of a post-trial motion for a new trial and stated it to be:

> "On a motion for a new trial a court will weigh the evidence and set aside the verdict and order a new trial if the verdict is contrary to the manifest weight of the evidence."

Applying this standard, we conclude that the defendant's contention is without merit.

Defendant argues that there was no expert opinion that the "alleged negligent post-operative treatment was a proximate cause of the loss of plaintiff's arm." We note that the language quoted in *Green v. Hussey* (1970), 127 Ill. App. 2d 174, 184, 262 N.E.2d 156, 161, in our original opinion states that expert testimony is necessary to prove the proximate cause for an informed consent action. However, in *Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418, 423, 328 N.E.2d 301, 304-05, our supreme court in discussing the burden of proof on the plaintiff in a malpractice negligence case said:

> "Except in certain limited situations not pertinent here, the appellate decisions of this State have held that the *plaintiff, by the use of expert testimony, must establish the standards of care* against which the defendant doctor's conduct is measured. The *plaintiff must then further prove by affirmative evidence that, judged in light of these standards, the doctor was unskillful or negligent and that his want of skill or care caused the injury to the plaintiff.*" (Emphasis added.)

We specifically note that the defendant has not contended that the plaintiff failed to establish by expert testimony the standards of care against which the defendant doctor's conduct was to be measured. We hold that the above-quoted language from *Borowski* requires plaintiff in this action for negligent post-operative treatment of plaintiff's arm to prove by affirmative evidence, not necessarily expert opinion testimony, that defendant's negligent treatment was a proximate cause of plaintiff's injury.

The evidence clearly shows that the defendant testified that the threat of infection is always present when surgery is performed and that there is a necessity to treat post-operative infections immediately so that they will not grow and spread. Defendant testified that an infection, treated or not,

can affect the vascular supply to the infected site. When asked about the spreading of the necrosis, he testified that he related it to an impaired blood supply to the skin which was caused by the edema. While the defendant did not specifically state that he felt that the infection also impaired the vascular supply to the arm, he did say that the infection can have that effect. Based upon the defendant's own testimony, we find that there was affirmative expert testimony upon which to find that the negligent post-operative treatment of the plaintiff proximately caused the loss of her arm.

The supreme court in *Borowski* also stated:

"Under accepted instructions this burden must be sustained by proving that the proposition on which he has the burden (proximate cause) is more probably true than not true." (60 Ill. 2d 418, 424, 328 N.E.2d 301, 305.)

We find that the evidence clearly shows that plaintiff's loss of her arm was more probably from the defendant's negligent post-operative treatment than not. We conclude plaintiff met her burden of proof and that defendant's contention is without merit.

Having reviewed the above issues and having found no reason to consider the other issues raised by the defendant in his petition for rehearing, which have already been discussed in the original opinion, we find no error in substance and hereby affirm our original opinion.

SEIDENFELD, J., concurs.