TERRENCE J. MURPHY, Plaintiff-Appellant, *v.* AMBASSADOR EAST *et al.*, Defendants-Appellees.

First District (5th Division)   No. 76-1397

Opinion filed November 18, 1977.

John W. Lally, of Chicago, for appellant.

Ernest C. Meloche, of Meloche, Kapov & Romano, of Chicago, for appellee Ambassador East.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and John J. Pappas, of counsel), for appellees Marvin M. Romanek, Eugene Golub, and Romanek, Golub & Co.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Terrence J. Murphy, brought this action against defendants for injury allegedly sustained when plaintiff caught his finger in an elevator door. Pursuant to motions supported by affidavit and deposition, summary judgment was entered in favor of defendants. Plaintiff appeals. The sole issue on review is whether the trial court erred in granting summary judgment in favor of defendants. We affirm. The pertinent facts follow.

Plaintiff, a Chicago police officer, was called to the premises of defendant, Ambassador East, to remove a body from one of the hotel's rooms. Defendant's manager requested that the body be removed by transporting it on a freight elevator owned by co-defendants and located on contiguous premises. The manager directed plaintiff and his partner to the freight elevator which was standing with its doors open at the level of the loading dock.

The manager attempted to operate the elevator without success. He then left plaintiff on the dock and went upstairs to determine if an open door prevented operation. He indicated he would bring the elevator upstairs and then return for the officers.

After waiting a few minutes, plaintiff concluded that in order for the elevator to move the doors would have to be closed. The elevator doors operated vertically in the opening to close midway between the top and bottom. When plaintiff attempted to shut the doors, he caught his hand between them and was injured.

Plaintiff filed suit charging defendants with negligence in the operation, maintenance and control of the freight elevator in question. Defendants answered, and later filed motions for summary judgment supported by affidavit, with a copy of plaintiff's deposition attached thereto. The pertinent portions of his deposition are hereinafter set forth in the opinion.

No responding documents were filed by plaintiff. The trial court granted summary judgment in favor of all defendants, and this appeal follows.

OPINION

■■ Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57(3)) provides that summary judgment is appropriate

"* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

In reaching a determination with regard to the absence or existence of a genuine issue of fact, the court should consider only evidentiary facts and not conclusions of law. (*Ohio Oil Co. v. Yacktman* (1976), 36 Ill. App. 3d 255, 343 N.E.2d 544.) In addition, the trial court, in ruling on a motion for summary judgment, must construe the pleadings, depositions and affidavits included therein most strictly against the moving party and most liberally in favor of the opponent. (*Armagast v. Medici Gallery & Coffee House, Inc.* (1977), 47 Ill. App. 3d 892, 365 N.E.2d 446.) However, if the moving party supplies facts which, if not contradicted, would entitle him to a judgment as a matter of law, the opposing party cannot rely upon his complaint or answer alone to raise genuine issues of fact. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) As stated by our supreme court in *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500-01, *cert. denied*, 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847 (1972):

It may be stated generally that if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and the court would be required to direct a verdict, then a summary judgment should be entered. [Citations.] More specifically, it has been held that an affidavit in support of a motion for summary judgment is actually a substitute for testimony taken in open court and should contain as much pertinent information as the affiant could competently testify to if he were sworn as a witness, [citation] and where such well alleged facts are not

contradicted by counteraffidavit, they must be taken as true, notwithstanding the existence of contrary averments in the adverse party's pleadings which merely purport to establish *bona fide* issues of fact."

Application of the foregoing principles in the instant case mandates that the trial court's grant of summary judgment in favor of defendants be affirmed. Defendants' motions for summary judgment were supported by affidavit which made reference to certain portions of plaintiff's deposition. In addition, a copy of the deposition was attached to the motions. Plaintiff did not respond to said motions with any counteraffidavits and contends on appeal that such were unnecessary because the deposition and affidavit submitted did not reach the central issues in the case. We disagree.

It is fundamental that there can be no recovery in tort for negligence unless defendants breached a duty owed to plaintiff. (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39.) The uncontroverted facts contained in plaintiff's deposition, considered as the only evidence in the case, support no reasonable inference that defendants breached such a duty.

■■ The duty by a landowner to a police officer who comes upon the premises in the performance of his duties is that duty owed to an invitee. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538; *Williams v. Wiewel* (1976), 36 Ill. App. 3d 478, 344 N.E.2d 34.) Thus, the landowner has the duty to use reasonable care to protect the officer against dangerous conditions constituting an unreasonable risk of harm, which the landowner should expect the officer will not discover or realize, or will fail to protect himself against. (*Fancil v. Q.S.E. Foods, Inc.; Williams v. Wiewel;* see Restatement (Second) of Torts §§343, 343A, 345(2) (1965).) Only where factual questions exist regarding (a) the unreasonableness of the risk of harm, or (b) the expectation that the officer will not realize the danger or will fail to protect himself against it should such a case go to the jury. (*Fancil v. Q.S.E. Foods, Inc.*) No such questions exist based on the record in the instant case.

■■ For purposes of considering defendants' motions in the instant case, plaintiff's deposition establishes that the doors on this elevator worked in a normal fashion and that he was familiar with the existence of such elevators. If plaintiff had any evidence to indicate that the doors operated irregularly, he should have submitted the facts to the court by counteraffidavits. He did not. Under these circumstances, therefore, we cannot say that the mere fact that this elevator had doors which met horizontally in the middle is a danger which constitutes an unreasonable risk of harm. The danger of catching one's hand in normally operating

elevator doors, whether horizontal or vertical, is obvious to all. See *Fancil v. Q.S.E. Foods, Inc.*

Assuming *arguendo*, however, that the danger did constitute an unreasonable risk of harm, it is clearly one which defendants could expect plaintiff to discover and protect himself against. Plaintiff's deposition disclosed he was familiar with such elevators; knew they existed and had seen them before, both with the doors open and closed; and had even seen such doors close before. Thus, while he had never operated one before, plaintiff should have reasonably recognized what type of elevator he was dealing with, and acted accordingly. In addition, since the doors operated normally, as the top door was lowered the bottom door would rise up to meet it in the middle. This can hardly be termed a hidden danger, and defendants could reasonably expect any invitee to realize the danger and protect himself from it.

Since we find that (a) the risk of harm was not unreasonable, and (b) plaintiff should have realized whatever risk of harm did exist and protected himself, it follows that defendants were under no duty to protect plaintiff from this particular danger, *i.e.*, that of catching his hand in the normally operating elevator doors. (See *Fancil v. Q.S.E. Foods, Inc.*) Hence defendants breached no duty owed plaintiff and summary judgment was properly granted in their favor. We would note in addition, however, that another independent basis exists upon which the trial court could have granted defendants' motions for summary judgment.

■■ Contributory negligence on the part of a plaintiff precludes any recovery in a tort action. (*Maki v. Frelk* (1968), 40 Ill. 2d 193, 239 N.E.2d 445; *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 234 N.E.2d 790.) Although the issue of contributory negligence is usually a question for the jury, where there is no issue of material fact to be decided, the issue may be decided on summary judgment. (*Oglesbee v. Nathan* (1973), 14 Ill. App. 3d 609, 302 N.E.2d 483; *Green v. McClelland* (1973), 10 Ill. App. 3d 350, 293 N.E.2d 629.) To be guilty of contributory negligence as a matter of law it must appear from the undisputed facts that "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.) The facts in the instant case fall within the *Pedrick* standard.

■■ Contributory negligence is failure to exercise ordinary care, and ordinary care is that care which a reasonably prudent person would take to avoid the injury under like circumstances. (*McInturff v. Chicago Title & Trust Co.* (1968), 102 Ill. App. 2d 39, 243 N.E.2d 657.) Based on the uncontroverted facts in plaintiff's deposition, the only reasonable

inference to be drawn is that plaintiff was contributorily negligent. Plaintiff knew of such elevators and had seen them before both with the doors open and closed. He also stated that the elevator operated normally, and thus as the top door was lowered the bottom door would rise to meet it in the middle. Under those circumstances, plaintiff's failure to observe the lower door rising and protect himself from it only merits a finding of contributory negligence.

Plaintiff cites this court to its recent decision in *Armagast v. Medici Gallery & Coffee House, Inc.* (1977), 47 Ill. App. 3d 892, 365 N.E.2d 446, for the proposition that momentary inadvertence is not equal to contributory negligence *per se.* We are not persuaded, however, since the two cases are easily distinguished. In *Armagast* we found that, for purposes of summary judgment, contributory negligence was not established as a matter of law where a jury might find that attendant circumstances could have rendered plaintiff's momentary forgetfulness of a known hazard reasonable. There is no evidence of any such attendant circumstances in the instant case.

Rather, the instant case is closer to that line of cases holding plaintiffs guilty of contributory negligence as a matter of law where they were familiar with the possible hazards, proceeded to encounter the hazards without taking appropriate precautions, and were injured as a result. As in the case at bar, there were no attendant circumstances to account for plaintiffs' actions, or render any momentary forgetfulness reasonable. (See, *e.g., Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 335 N.E.2d 10; *Brandenburg v. Weaver Manufacturing Co.* (1966), 77 Ill. App. 2d 374, 222 N.E.2d 348; *Day v. Barber-Colman Co.* (1956), 10 Ill. App. 2d 494, 135 N.E.2d 231.) If plaintiff had any evidence of such attendant circumstances in the instant case, he should have presented it to the court in the form of a counteraffidavit. As the record stands, however, we cannot speculate upon the possible existence of such factors and must consider as the basis for decision only the uncontroverted facts contained in defendants' affidavit and the attached deposition.

■■ Plaintiff contends lastly that his complaint contains numerous allegations of negligence, any one of which could require a trial on the merits. Specifically, plaintiff charged defendants with one or more of the following negligent acts: (1) operating an unsafe elevator; (2) failing to keep an elevator operator on duty; (3) failing to warn plaintiff of the manner in which the doors closed; (4) failure to maintain proper closing devices on the elevator; (5) allowing the elevator to operate and be closed in an unsafe manner. These unsupported allegations, however, are insufficient to raise genuine issues where the affidavit and deposition in support of the motions for summary judgment contain only evidentiary

facts to the contrary. (*Carruthers v. B. C. Christopher & Co.*) As noted earlier at some length, the material facts put forth in support of defendants' motions were uncontested by counteraffidavit and must be taken as true. Considering these facts then, the only conclusions to be drawn are (1) that defendants breached no duty owed plaintiff, and (2) that plaintiff was contributorily negligent. Therefore, the mere allegations of negligence in plaintiff's complaint do not act to raise a question of material fact for a jury's consideration.

For the foregoing reasons, the order of the circuit court of Cook County granting defendants' motions for summary judgment is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.