KARL SCHAEFER, Plaintiff-Appellant, *v*. DR. RAYMOND G. SIPPEL *et al.*,
Defendants-Appellees.

First District (5th Division)   No. 77-894

Opinion filed March 31, 1978.

Francis P. Smith, of Chicago, for appellant.

Thomas D. Allen and Robert E. Kehoe, Jr., both of Chicago (Wildman, Harrold, Allen & Dixon, of counsel), for appellees Dr. Raymond G. Sippel and Dr. Ben Tatarowicz.

Crooks, Gilligan & Kages, of Chicago (Kendal A. Crooks and John W. Gilligan, of counsel), for appellee Bio-Science Laboratories.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff appeals from an order entered pursuant to Supreme Court Rules 218 and 219(c) (Ill. Rev. Stat. 1975, ch 110A, pars. 218, 219(c)), dismissing his complaint for failing to disclose any expert witness during a pretrial conference. We reverse and remand. The pertinent facts follow.

This action was filed on June 24, 1974, to recover damages allegedly sustained by plaintiff when he underwent "a needless and dangerous exploratory operation of the abdomen." Plaintiff alleged that it was the various negligent acts of the several defendants which caused him to undergo said operation, and thus caused his injuries. Defendants answered the complaint denying liability, and both sides proceeded with discovery.

On December 3, 1974, plaintiff filed his answers to interrogatories propounded by the defendant hospital. In response to Interrogatory No. 18's request that he "[s]tate the name and address of any and all expert witnesses" plaintiff stated "None."

On March 4, 1976, an order was entered setting this cause for "pretrial/trial." The pretrial was scheduled for April 21, 1976; however, there is no indication in the record of what, if any, proceedings actually occurred on that date. The March 4 order also recited that all discovery be concluded by April 21.

Shortly thereafter, plaintiff's original attorney withdrew from the case. The order granting the withdrawal, entered on June 15, 1976, provided that all proceedings in the action were stayed until after September 1, 1976, for the purpose of enabling plaintiff to secure other counsel. Plaintiff subsequently engaged his present counsel and on February 28, 1977, the defendant doctors filed the following motion:

"MOTION TO COMPEL DISCLOSURE OF
PLAINTIFF'S EXPERT AND TO SET FOR TRIAL

Defendants Dr. Raymond G. Sippel and Dr. Ben Tatarowicz move this Court to enter an order compelling the plaintiff to disclose the name, address, and specialty of his expert witness within 7 days and to produce such expert for deposition within 7 days thereafter, and a further order setting this matter for trial at the convenience of the court."

In response to this motion the court entered an order on March 1, 1977, dismissing plaintiff's suit. The order reads:

"This cause having come to be heard on motion of defendants Sippel and Tatarowicz, and continued to this day, plaintiff being present by counsel,

It is hereby ordered that this action be dismissed for failure of plaintiff to disclose any expert witness, pursuant to Rule 218 and 219(c)."

Other than the order entered on that date, no report of the proceedings on March 1 appears in the record. However, in his motion to vacate the dismissal, filed on March 25, 1977, plaintiff's counsel recited that during the hearing on defendants' motion he informed the court that he did not yet have an expert witness and that he might be compelled to rely upon adverse examination of the defendant doctors. The court denied plaintiff's motion to vacate the dismissal, and this appeal follows.

OPINION

Supreme Court Rule 218 (Ill. Rev. Stat. 1975, ch. 110A, par. 218) provides as follows:

"218. (Supreme Court Rule 218.) Pretrial Procedure.

(a) Conference. In any civil case, the court may hold a pretrial conference. At the conference counsel familiar with the case and authorized to act shall appear, with or without the parties as the court directs, to consider:

(1) the simplification of the issues;

(2) amendments to the pleadings;

(3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

(4) the limitation of the number of expert witnesses; and

(5) any other matters which may aid in the disposition of the action.

(b) Order. The court shall make an order which recites any action taken by the court and the agreements made by the parties as to any of the matters considered, and which specifies as the issues for trial those not disposed of at the conference. The order controls the subsequent course of the action unless modified.

(c) Calendar. The court shall establish a pretrial calendar on which actions shall be placed for consideration, as above provided, either by the court on its own motion or on motion of any party.

(d) Enforcement. The court shall make and enforce all rules and orders necessary to compel compliance with this rule, and may apply the remedies provided in paragraph (c) of Rule 219."

Plaintiff contends initially that Rule 218 was not applicable to the March 1, 1977, proceeding in the instant case. He argues that the March 1 hearing

only involved the defendant doctors' discovery motion, not a pretrial conference, and thus the trial court's reference to Rule 218 in its dismissal order "is patently incorrect." We disagree.

■■ While the notice received by plaintiff in the instant case was only for a motion to compel disclosure of expert witnesses and set for trial, we believe the dictates of Rule 218 are sufficiently broad that the court could conduct, on its own initiative, a pretrial under Rule 218 once the parties were before it on defendants' other motion. Indeed, Rule 218(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 218(c)) specifically states that cases may be placed on the pretrial calendar for consideration "by the court on its own motion." It is clear from the dismissal order that the trial court considered it was conducting a pretrial under Rule 218 and we find no restrictions on its power to do so, since the necessary parties were before it. In addition, since defendants' motion also requested a trial date, it was necessary that the court and parties confer at least on this issue. It would not be error for the court to expand the scope of such a conference in hopes of properly and satisfactorily disposing of the litigation.

■■ However, we do agree with plaintiff's alternative contention that dismissal of his action pursuant to Rule 218 was improper. A pretrial conference is primarily a technique to promote the disposition of litigation by cooperation and agreement. (*Conover v. Smith* (1974), 20 Ill. App. 3d 258, 314 N.E.2d 638; *Fennema v. Vander Aa* (1968), 93 Ill. App. 2d 162, 236 N.E.2d 409, *rev'd on other grounds*, 42 Ill. 2d 309, 247 N.E.2d 409 (1969).) Thus, it is that subparagraph (a)(5) of Rule 218 provides that at the pretrial conference there shall be considered, in addition to the matters listed in subparagraphs (a)(1) to (a)(4) inclusive, any other matter that may aid in the disposition of the action. Yet, despite such broad powers and despite the salutary effects of pretrial dispositions on court dockets, the trial court must exercise every means available to protect the rights of a litigant to have a trial on the merits. See *Glenner v. Chicago Transit Authority* (1972), 9 Ill. App. 3d 323, 292 N.E.2d 217; *Fennema v. Vander Aa.*

■■■ It is undisputed that, as it relates to the defendant doctors, this action asserts a claim of medical malpractice. Expert medical testimony is necessary to prove such a case.[1] (See *Burrow v. Widder* (1977), 52 Ill. App. 3d 1017, 368 N.E.2d 443.) Likewise, it is undisputed that in such an action the court may properly enter an order requiring disclosure, within a reasonable time, of those experts plaintiff intends to call to establish a breach of the standard of medical care. (See *Hansen v. Skul* (1977), 54 Ill. App. 3d 1, 369 N.E.2d 267.) However, the court entered no such order in this case. Rather, at the March 1 hearing plaintiff informed the court that

[1] In view of our disposition of this case we need not consider, and it would be inappropriate for us to comment upon, whether expert medical testimony would be necessary to support all of plaintiff's other allegations of negligence against the other two defendants, St. Mary of Nazareth Hospital and Bio-Science Laboratories.

he had not yet been able to engage expert witnesses for his case. Apparently in response to this fact, the court dismissed the case under the theory that plaintiff would be unable to sustain his burden of proof at trial. This was error.

We can find no precedent for requiring that plaintiff be able to prove a prima facie case at the time a pretrial conference is held. As the court recently stated in the medical malpractice case of *Simpson v. Johnson* (1977), 45 Ill. App. 3d 789, 797, 360 N.E.2d 144, 150:

"Although we do not commend the practice, there is no rule prohibiting *either* party from first engaging an expert after the trial has commenced * * *." (Emphasis added.)

While the *Simpson* court went on to indicate that, absent a good reason for employment of an expert at such a late date, the trial court should not permit him to testify, we believe the principle expressed in the foregoing excerpt to be applicable to the case at bar. Plaintiff had as of March 1 been unable to obtain an expert, but it is possible that he could have had such an expert by the time the trial of this cause occurred. Indeed, plaintiff could, as he indicated to the trial court, rely on the adverse testimony of the defendant doctors as an adequate means of providing the needed expert testimony. See *Casey v. Penn* (1977), 45 Ill. App. 3d 1068, 362 N.E.2d 1373; *Anderson v. Martzke* (1970), 131 Ill. App. 2d 61, 266 N.E.2d 137.

■■ Defendants argue that if plaintiff was going to rely upon adverse testimony at trial it was incumbent upon plaintiff to demonstrate from the depositions taken that the defendant doctors' testimony would in fact inculpate them. We find no authority for upholding such a rule. Defendants made no motion which would require plaintiff to present a portion of his proof in order to continue with his suit. In fact, absent a motion for summary judgment by defendants supported by facts in affidavit form which, if not contradicted, would entitle them to a judgment as a matter of law, plaintiff may merely rely upon his complaint to raise genuine issues of fact and thus establish a triable cause of action. See *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Murphy v. Ambassador East* (1977), 54 Ill. App. 3d 980, 370 N.E.2d 124.

Defendants cite *Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 251 N.E.2d 105, for the proposition that a trial court may properly grant a summary judgment in favor of a defendant in a medical malpractice suit where, at the time of the motion, the plaintiff lacked expert testimony to prove his case and failed to indicate he would be able to obtain such testimony in the future. While we recognize the principle expressed in *Sanders*, it is not applicable to the instant case. Defendants in this case made no motion for summary judgment, and this case is not being

reviewed on appeal under the rules applicable to motions for summary judgment and construction of the pleadings, affidavits, and depositions attached to such motions.

■■ Defendants also contend that subparagraph (a)(5) of Rule 218 empowers the court to act as it did in the instant case. This subsection recites that at the pretrial conference the court may consider "any other matters which may aid in the disposition of the action." (Ill. Rev. Stat. 1975, ch. 110A, par. 218(a)(5).) However, in our view the commentary to this subsection does not support defendants' contention. It states that:

> "Subparagraph (a)(5), which provides that at the pretrial conference there shall be considered, in addition to the matters listed in subparagraph (1) to (4) inclusive, any other matter that may aid in the disposition of the action, applies, for example, to settlement, waiver of jury, possibility and desirability of the use of discovery proceedings, and the possibility and desirability of disposing of the case on motion for summary judgment or by other appropriate motion that may avoid unnecessary trial." (Ill. Ann. Stat., ch. 110A, par. 218, Historical and Practice Notes, at 216 (Smith-Hurd 1968).)

In this case no motion for summary judgment or "other appropriate motion" was made. While it is desirable to avoid unnecessary trials, plaintiff cannot be deprived of his legitimate day in court on his cause of action. In sum therefore we do not believe the trial court had the power under Rule 218, absent an appropriate motion by defendants, to dismiss plaintiff's case because he did not have all the necessary elements of proof at a pretrial conference.

Lastly, we would also note that the dismissal in the instant case cannot be upheld on the theory that the plaintiff's failure to disclose an expert witness constituted a failure to comply with discovery rules. The record reveals no order concerning discovery of plaintiff's expert witnesses, and plaintiff had apparently complied with all other discovery requests. Under such circumstances it is inconceivable that plaintiff's inability to provide the name of an expert witness at the pretrial conference constituted the type of deliberate, contumacious or unwarranted disregard of the court's authority as might justify dismissal of the cause of action under Rules 218 and 219(c). See *Hansen v. Skul.*

For the foregoing reasons the judgment of the circuit court of Cook County is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and WILSON, J., concur.