SID CATO *et al.*, Plaintiffs-Appellants, *v.* JERRELL THOMPSON, d/b/a
Harvard House, *et al.*, Defendants-Appellees.

Second District    No. 79-288

Opinion filed April 22, 1980.

Terrence E. Leonard, of Chicago, for appellants.

Harold T. Brinton and Miles J. Zaremeski, both of Wildman, Harrold, Allen
and Dixon, of Chicago, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Sid Cato, individually and as legal representative of the
estates of Sheila Cato, Cyd Cato and Stuart Cato, deceased, appeals from
the entry of a summary judgment in favor of defendant, Jerrell

Thompson, d/b/a Harvard House, in a dramshop action arising out of an automobile accident brought against this defendant and others.

The complaint alleged that defendant sold, served or gave diverse quantities of alcoholic liquor to Donald Powell, Jerry Powell, Charles Donner and Ralph Henning, which they consumed and thereafter became intoxicated; that these individuals, while in an intoxicated condition, wilfully removed the stop sign at the intersection of Streit Road and Route 23 in McHenry County; that on August 17, 1975, plaintiff was driving his automobile in an easterly direction on Streit Road and that due to the removal of the stop sign by the four intoxicated persons plaintiff drove his vehicle through the intersection whereupon he collided with a semi-trailer truck being driven in a northerly direction on Route 23, causing plaintiffs' injuries. Defendant's answer essentially denied all of the allegations in plaintiff's complaint including that defendant had sold, served or given alcoholic beverages to the named persons or that plaintiff was entitled to damages.

Thereafter, defendant filed a motion for summary judgment and attached to it were unsworn, unsigned, typewritten statements purporting to have been made by Jerry Powell, Donald Powell and a Donna Rygh, stating that they and others were in Harvard Lounge, not Harvard House, prior to the occurrence and, further, that they did not purchase liquor at Harvard House. Over plaintiff's objections, the trial court granted the motion for summary judgment and in its order also found that there was no just reason to delay enforcement or appeal.

Plaintiff contends that defendant's motion for summary judgment does not satisfy the requirements of section 57 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57) or Supreme Court Rule 191 (Ill. Rev. Stat. 1977, ch. 110A, par. 191), so as to entitle defendant to summary judgment noting that he submitted nothing more than unsworn and unsigned statements in support of the motion which the trial court should not have considered as determinative of the disputed issue. Plaintiff also contends that the summary judgment procedure followed herein pre-empted his right to a trial by jury and to present a factual basis for the existing material disputes. We agree and reverse.

The statements submitted in support of the summary judgment motion were relied upon by defendant to rebut the allegation of the complaint that the intoxicated persons causing plaintiff's injuries purchased or were served liquor at Harvard House. These typewritten documents each bore the title of the case, were described in it as oral interrogatories and captioned "Investigation"; they purport to reflect the questions directed to the witnesses and their answers. The questioner was identified in the statements as Raymond Turner, representing Harvard House, and the statements note they were reported in shorthand and

transcribed by James Littleton, C.S.R., 2517 West 99th St., Chicago, Illinois, Book No. 385-188. These documents do not show that the witnesses had been placed under oath nor are their contents in any manner certified by the reporter as being taken under oath or as being true and correct transcriptions of the questions to and answers of the witnesses. The statements are not signed by either the witnesses or the reporter and, although this case was pending at the time, were taken without notice to or the presence of plaintiff's counsel.

■■ The principles for review of a trial court's order for summary judgment are well settled. The purpose of a summary judgment proceeding is not to try an issue of fact but rather to determine whether there is an issue of fact to be tried. (*Graham v. Evischi* (1977), 50 Ill. App. 3d 268, 365 N.E.2d 162; *Fishel v. Givens* (1977), 47 Ill. App. 3d 512, 362 N.E.2d 97.) Summary judgment is proper only where there is no genuine issue as to a material fact (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457), and this is to be determined from the pleadings, depositions, affidavits and admissions on file in each case. (Ill. Rev. Stat. 1977, ch. 110, par. 57(3).) Summary judgment provides a means of disposing of cases with dispatch, but is a drastic method and should be allowed only when the right of the moving party is free from doubt. (*Marshall v. City of Chicago Heights* (1978), 59 Ill. App. 3d 986, 989, 376 N.E.2d 657, 659; *Interlake, Inc. v. Harris Trust & Savings Bank* (1978), 57 Ill. App. 3d 524, 526, 373 N.E.2d 413, 415; *Lesser v. Village of Mundelein* (1976), 36 Ill. App. 3d 433, 344 N.E.2d 29.) A reviewing court will reverse an order granting summary judgment if it is determined that a material question of fact does exist. *Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 349 N.E.2d 1.

■ Summary judgment may of course be granted with or without supporting affidavits (Ill. Rev. Stat. 1977, ch. 110, pars. 57(1) and 57(2)) if there remain no genuine issues as to material facts in a case. (*Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 332 N.E.2d 32.) In the absence of a motion for summary judgment by defendant supported by facts in affidavit form which, if not contradicted, would entitle him to judgment as a matter of law, plaintiff may rely upon his complaint to raise genuine issues of fact and, thus, establish a triable cause of action. *Schaefer v. Sippel* (1978), 58 Ill. App. 3d 816, 820, 374 N.E.2d 1092, 1096; *Murphy v. Ambassador East* (1977), 54 Ill. App. 3d 980, 370 N.E.2d 124.

■■ A stand-off exists between the pleadings of the parties in this case; plaintiff has alleged the intoxicated persons acquired liquor from defendant but defendant denies they did so. Under the statute the court may also look to the depositions, affidavits and admissions on file in a case to determine whether a disputed and material issue of fact remains to be tried and in the present case none of these sources is supplied in the

record. Defendant notes that in *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457, 459, the court added exhibits to the list of sources of evidentiary facts to which the court may refer and he concludes that as the statements in question were attached by him as exhibits in support of his motion for summary judgment they were thus properly considered by the trial court. We do not agree.

It is apparent the statements in question are not depositions of the witnesses taken on notice to plaintiff, under oath and filed in the case pursuant to Supreme Court Rules 202 through 212 (Ill. Rev. Stat. 1977, ch. 110A, pars. 202 through 212). Had the statements been taken in conformity with these rules, they could be considered for any purpose for which an affidavit may be used. (Ill. Rev. Stat. 1977, ch. 110A, par. 212(a)(4); *Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 435-36, 375 N.E.2d 468, 474.) Nor are they written interrogatories which may be directed to a party to a case and the answers then used in evidence to the same extent as may a discovery deposition as provided in Supreme Court Rule 213 (Ill. Rev. Stat. 1977, ch. 110A, par. 213) and thus lend evidentiary support to a motion for summary judgment. And, certainly, these unsigned, unsworn and uncertified statements can by no means be considered to be affidavits in support of the motion for summary judgment. Supreme Court Rule 191(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 191(a)) defines the requirements of such an affidavit and Rule 191(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 191(b)) provides a means by either interrogatories or depositions for a party to secure sworn answers or copies of papers and documents which may then be considered by a court in passing upon a motion for summary judgment.

Defendant, however, did not avail himself of these means to submit evidentiary facts to the trial court and the disputed material issue to which he directed his attention remains unresolved. His argument that any exhibit attached to his motion, or as he also suggests, any document filed in a case, may be considered by the court in support of a summary judgment motion is without merit. Only facts offered in affidavit form will be considered in support of such motion. *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497; *Schaefer v. Sippel* (1978), 58 Ill. App. 3d 816, 820, 374 N.E.2d 1092, 1096.

After oral argument in this court defendant filed with our clerk a motion and a supplemental motion for leave to file excerpts of a purported criminal trial transcript of testimony of Ralph Henning, Charles Donner, Gerald Donner and Donald Powell, together with a copy of a purported deposition of Ralph Henning "to aid this court in reaching its decision and rendering its opinion." These documents are not certified as a part of the record in this case as required by Supreme Court Rules 321 and 323 (Ill. Rev. Stat. 1977, ch. 110A, pars. 321 and 323) and, in fact, were

never presented to or considered by the trial court. They are not even certified as being a part of the records of the criminal case in McHenry County or the civil case in Cook County from which they purport to have been taken. Documents which are not a part of the trial court record and were not considered by the trial court will not be considered on appeal. (*Littrell v. Coats Co.* (1978), 62 Ill. App. 3d 516, 379 N.E.2d 293; *Stony Island Church of Christ v. Stephens* (1977), 54 Ill. App. 3d 662, 668, 369 N.E.2d 1313, 1318; *Santucci Construction Co. v. Metropolitan Sanitary District* (1972), 9 Ill. App. 3d 491, 292 N.E.2d 579.) Defendant's motions to supplement the record will be denied.

For the reasons we have discussed the order for summary judgment will be reversed and this cause remanded for further proceedings.

Reversed and remanded.

SEIDENFELD, P. J., and LINDBERG, J., concur.