**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190148-U

Order filed April 30, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| CHARLES CRAIG JR., | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | Appeal No. 3-19-0148 |
| | ) | Circuit No. 15-L-819 |
| MOHAMMED ALAEDDIN, SALAH | ) | |
| BASHIR, and BASHIR & SONS, INC., d/b/a | ) | |
| RANCH LIQUORS, | ) | Honorable |
| | ) | Raymond E. Rossi |
| Defendants-Appellees. | ) | Judge, Presiding |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Presiding Justice Lytton and Justice Carter concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Trial court did not err when it denied plaintiff's motion for summary judgment, granted defendants' motion for summary judgment, and dismissed plaintiff's five-count complaint. Collateral estoppel barred two counts and the undisputed facts were insufficient to sustain the other three counts.

¶ 2     Plaintiff Charles Craig brought a complaint against defendants Mohammed Alaeddin, Salah Bashir, and Bashir & Sons, Inc., d/b/a Ranch Liquors, alleging two civil rights violations and intentional infliction of emotional distress, abuse of process and malicious prosecution. The

allegations were based on an alleged discriminatory incident at Ranch Liquors and the subsequent libel action against Craig that arose out of the liquor store incident. The parties filed cross-motions for summary judgment, the trial court denied Craig's motion, granted Alaeddin's motion, and dismissed Craig's complaint. He appealed. We affirm.

¶ 3                                                          FACTS

¶ 4        Plaintiff Charles Craig filed a fifth amended complaint against defendants Mohammed Alaeddin, Salah Bahir, and Bashir & Sons, Inc., d/b/a Ranch Liquors (collectively Alaeddin). The complaint included five counts, and alleged the denial of Craig's right to full and equal enjoyment of shopping at, and the right to purchase from, Ranch Liquors (counts I, III), intentional infliction of emotional distress (count II), abuse of process (count IV) and malicious prosecution (count V). The allegations concerned a purported incident of discrimination at the liquor store and the subsequent libel action filed against Craig by Ranch Liquors.

¶ 5        The alleged liquor store incident occurred on the morning of September 27, 2004, when Craig patronized Ranch Liquors to buy a bottle of wine. When he was looking for the wine, Alaeddin, a store employee, was alleged to have used racial slurs in comments directed toward Craig and reportedly asked him to leave the store. Craig described that Alaeddin had a firearm in his belt and smelled like alcohol. Craig thereafter filed a complaint with the Illinois Department of Human Rights, spoke against Ranch Liquors regarding the alleged incident at the liquor store at two televised city council meetings, and created and distributed a flyer advocating a boycott of the liquor store. Ranch Liquors filed a libel action against Craig based on the flyer and the comments he made at the city council meetings. Following a bench trial, the court ruled in favor of Ranch Liquors, finding Craig's comments and flyer were defamatory. The court further found that Ranch Liquors did not sufficiently prove damages and awarded it $1 as nominal damages. Craig moved

2

for reconsideration, which the trial court granted. It found that Craig's conduct was defamatory but that nominal damages were unavailable in a defamation *per quod* case. The trial court dismissed the complaint.

¶ 6        Craig filed the instant complaint in January 2017, Alaeddin answered in February 2017, and Craig moved to strike portions of the answer and for judgment on the pleadings. The court denied his motion, he appealed and sought a stay, which the trial court denied. This court dismissed the appeal for lack of jurisdiction. See *Craig v. Alaeddin*, 2018 IL App (3d) 170308-U. In December 2018, the trial court granted Alaeddin leave to file affirmative defenses over Craig's objection on timeliness grounds. The parties filed cross-motions for summary judgment. The trial court granted Alaeddin's motion, denied Craig's motion, and dismissed the complaint. Craig appealed.

¶ 7                                                ANALYSIS

¶ 8        The issues on appeal are whether the trial court erred when it allowed Alaeddin to file his affirmative defense, and when it granted summary judgment in Alaeddin's favor and denied Craig's summary judgment motion. Craig argues that the court allowed the untimely submission of Alaeddin's affirmative defense and then relied on the improper defense as a basis to grant summary judgment to Alaeddin and deny his summary judgment motion.

¶ 9        We begin with Craig's challenge to Alaeddin's affirmative defense of collateral estoppel, which he asserts the trial should not have allowed as its submission was untimely. He contends that he filed his fifth amended complaint in January 2017, and although Alaeddin filed his answer the following month, he did not seek leave to file his affirmative defense until December 2018. According to Craig, the delay in filing the affirmative defense constituted a waiver or forfeiture of

3

the affirmative defense of collateral estoppel and the trial court should not have allowed Alaeddin to use it as an avenue to dismiss Craig's action.

¶ 10    Facts supporting an affirmative defense, such as estoppel, must be "plainly set forth in the answer or reply." 735 ILCS 5/2-613(d) (West 2018). An affirmative defense may be added as an amendment to an answer at any time prior to final judgment on just and reasonable terms. 735 ILCS 5/2-616(a) (West 2018). An amendment should not be allowed when it will surprise or prejudice the other party. *Chemical Bank v. Paul*, 244 Ill. App. 3d 772, 784 (1993). A party does not waive an affirmative defense by failing to plead it and may file an amended answer raising an affirmative defense prior to entry of the final judgment. *Uscian v. Blacconeri*, 35 Ill. App. 3d 80, 84 (1975). A trial court's decision to allow the addition of new defenses should not be disturbed unless it was an abuse of discretion. *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273-74 (1992).

¶ 11    The procedural history in *Hobart v. Shin*, 185 Ill. 2d 283 (1998), mirrors the instant case. The plaintiff filed her complaint in December 1989, the defendant filed an answer in April 1990 and moved for summary judgment in January 1992. *Id.* at 292. In December 1994, both parties sought to and/or deposed witnesses. In May 1995, the defendant sought leave to file an affirmative defense and plaintiff moved to strike the affirmative defense as untimely. *Id.* The trial court denied the motion to strike and allowed the affirmative defense to be filed. *Id.* The trial court determined that the facts supporting the affirmative defense were "sufficiently prominent in the pleading and discovery process" to allow plaintiff the chance to rebut the defense. *Id.* at 292-93. Here, as in *Hobart*, the libel action and its disposition were "sufficiently prominent in the pleading and discovery process." Indeed, Craig based two counts in his complaint on the liquor store incident that resulted in the libel action. The other three counts were based on Ranch Liquors filing the libel

action. Craig was aware of and argued regarding the disposition of the libel action, the judgment in his favor and the dismissal of Ranch Liquors' complaint. As such, Craig was not surprised or prejudiced by the affirmative defense of collateral estoppel. We find the trial court did not abuse its discretion in allowing Alaeddin to file it.

¶ 12    We next consider Craig's arguments regarding summary judgment. He challenges the grant of summary judgment to Alaeddin and the denial of his summary judgment motion, maintaining there is no genuine issue of material fact that he is entitled to judgment in his favor. He asserts that Alaeddin did not comply with the statutory requirements for summary judgment, specifically contending that Alaeddin did not file affidavits and a statement of undisputed facts in support of the summary judgment motion. He also asserts that the court improperly allowed Alaeddin to disguise a motion to dismiss as a motion for summary judgment. Finally, he claims that Alaeddin admitted the majority of his material facts and lacks any record evidence to support any dispute with his statement of material facts.

¶ 13    Summary judgment is appropriate when the pleadings, depositions, admissions and affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018). The evidence is viewed in a light most favorable to the nonmovant. *Milevski v. Ingalls Memorial Hospital*, 2018 IL App (1st) 172898, ¶ 26. "Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). When the parties file cross-motions for summary judgment, they concede there is no genuine issue of material fact and the issues may be decided as a matter of law. *Gurba v. Community High School District No. 155*, 2015 IL 118332, ¶ 10. We

5

review a trial court's determination regarding summary judgment motions *de novo. Outboard Marine Corp.*, 154 Ill. 2d at 102.

¶ 14 Craig's summary judgment motion referenced his statement of facts, his response to Alaeddin's motion for summary judgment and his memorandum of law in support of his motion for summary judgment. The documents were attached to his motion. He argued the statement of facts show there was no dispute that he suffered discrimination at Ranch Liquors and Alaeddin did not present any evidence to the contrary. In response, Alaeddin's motion for summary judgment addressed all five of the counts in Craig's complaint. It asserted collateral estoppel precluded the civil rights counts (I, III) and the undisputed facts support judgment in his favor on the intentional infliction of emotional distress, abuse of process and malicious prosecution claims.

¶ 15 Collateral estoppel is an equitable doctrine that precludes a party from relitigating an issue that had been decided in a prior action. *Herzog v. Lexington Township*, 167 Ill. 2d 288, 294 (1995). To invoke collateral estoppel, the issues in the prior action must be identical to the current action, there must have been a final judgment on the merits in the prior case, and the parties or their privities must be same in both actions. *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 81 (2001). In determining privity, "the identity of the interest controls, not the nominal identity of the parties." *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 559 (2009). When the parties adequately represent the same legal interest, privity generally exists. *Id.*

¶ 16 Craig argues that there was no question of material fact that he suffered civil rights violations when he was refused service at the liquor store based on his race. That issue was determined in the prior action, where the trial court found that Craig's statements regarding the alleged discrimination were false. The issues in both the libel case and the instant case were the

6

same. The libel allegations and the discrimination allegations arose from the same incident at the liquor store involving alleged discrimination toward Craig by Alaeddin. At issue in both cases was whether Alaeddin acted in a discriminatory fashion toward Craig. That issue had to be determined in the libel action to resolve whether Craig committed defamation. The same facts would be necessary in the subsequent action to support Craig's claims of civil rights violations. There was a final judgment on the merits in that the trial court in the prior action dismissed Alaeddin's libel complaint on Craig's motion for reconsideration. Finally, the parties or privities in both actions were identical. Although Alaeddin was not a party in the libel action, the defamatory statements were based on Alaeddin's alleged conduct and he was sued in the instant case also based on that conduct. The acts occurred while Alaeddin was an employee of and working at Ranch Liquors. Because he was alleged to be the perpetrator of the discrimination, his interests aligned with Ranch Liquors in both cases. We find the trial court did not err in finding collateral estoppel applied to counts I and III of Craig's complaint. Accordingly, there is no genuine issue of material fact that the conduct on which counts I and III are based was considered in and barred by the prior judgment.

¶ 17    The second count in Craig's complaint was for intentional infliction of emotional distress. He bases the count on Ranch Liquors' act of bringing the libel action. According to Craig, pursuing the libel action against him was extreme and outrageous conduct.

¶ 18    To sustain a cause of action for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended or knew a high probability existed that his conduct would cause severe emotional distress; and (3) defendant's conduct did cause severe emotional distress. *Taliani v. Resurreccion*, 2018 IL App (3d) 160327, ¶ 26. Extreme and outrageous conduct is conduct that goes beyond all possible bounds of decency and is regarded as intolerable in a civilized society. *Feltmeier v. Feltmeier*, 207

7

Ill. 2d 263, 274 (2003). "A person will not be liable where he has done nothing more than demand legal rights in a permissible way." *Schiller v. Mitchell*, 357 Ill. App. 3d 435, 450 (2005). The lack of liability applies even where the person demanding his or her legal rights is aware the demand will likely cause emotional distress. *Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 92 (1976) (citing Restatement (Second) of Torts, § 46, comment G (1965)).

¶ 19     Craig argues that Ranch Liquors' conduct in pursuing the libel action caused him intentional infliction of emotional distress in that it created worry and anxiety, caused lack of sleep, mental pain, anguish, stress, financial hardship, and agony from acquiring debt to defend himself from the "unwarranted civil prosecution." Craig cannot sustain his claim. Filing a credible legal action is not extreme and outrageous conduct necessary to sustain a cause of action for intentional infliction of emotional distress. There is no evidence Ranch Liquors pursued its legal rights in an effort to distress Craig but rather to receive a remedy for Craig's wrongful conduct. There is no genuine issue of material fact regarding whether Alaeddin's act of filing the libel action constituted intentional infliction of emotional distress.

¶ 20     The next count in Craig's complaint alleges abuse of process. He submits that Ranch Liquors used the libel action to retaliate against him for the exercise of his rights in speaking at the city council meetings and in filing a complaint under the Illinois Human Rights Act (775 ILCS 5/1-101 *et seq.* (West 2018)).

¶ 21     A claim of abuse of process asserts misuse of the legal process for a purpose outside the scope of the process. *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 339 Ill. App. 3d 177, 182 (2003). To sustain a claim of abuse of process, a plaintiff must demonstrate: (1) an ulterior motive or purpose exists and (2) an improper act in the use of process. *Id.* at 183. The elements must be strictly construed. *Id.* "When process is used only for its intended purpose, there has been no

misapplication of process." *Id.* Filing a lawsuit does not amount to an abuse of process. *Commerce Bank, N.A. v. Plotkin*, 255 Ill. App. 3d 870, 872 (1994).

¶ 22    As proof of abuse of process, Craig points to defendant Bashir's testimony at the libel trial that he was angry about Craig's allegations. From this response, Craig concludes Ranch Liquors brought the libel action to retaliate against him and not for a proper purpose. In fact, Bashir testified the libel action was filed based on Craig's defamatory statements in the flyer and at the city council meetings. Ranch Liquors asserted monetary damages and sought to recover them. There are no facts to indicate the libel action was pursued to abuse the process. Craig's conclusion that the lawsuit was filed for retaliatory purposes and abused the process are not supported by the evidence. We find the trial court did not err in granting summary judgment to Alaeddin on the abuse of process count.

¶ 23    The fifth and final count of Craig's complaint alleges malicious prosecution. He argues that Alaeddin lacked probable cause to bring the libel action as indicated by judgment in his favor. As discussed above, Craig submits Ranch Liquors improperly prosecuted the libel action as part of a scheme to retaliate against him for asserting his rights.

¶ 24    To sustain a cause of action for malicious prosecution, the plaintiff must prove (1) defendant commenced a civil judicial proceeding against him; (2) the proceeding terminated in the plaintiff's favor; (3) there was no probable cause for the proceeding; (4) the presence of malice; and (5) damages to the plaintiff. *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 26 (citing *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996)).

¶ 25    The trial court found Ranch Liquors had probable cause to pursue the libel action despite losing on the motion to reconsider because of a failure to prove damages. "Probable cause is a complete defense to an action for malicious prosecution." *Howard v. Firmand*, 378 Ill. App. 3d

147, 149 (2007). The existence of probable cause is demonstrated by the libel court issuing two orders with express findings that Craig defamed Ranch Liquors. The action terminated in Craig's favor only in that Ranch Liquors did not prove damages. Craig cannot show malice as the evidence does not establish that Ranch Liquors filed the libel action out of ill will. In fact, the libel court found that Craig acted with malice in making the defamatory statements. Finally, Craig must show special damages beyond the usual costs, time and annoyance that occurs when one defends a lawsuit. *Miller v. Rosenberg*, 196 Ill. 2d 50, 58 (2001). Craig claims as damages, in part, his defense costs, the disruption of his pursuit of happiness, pain of mind, mental anguish, humiliation, a stain on his reputation and nightmares. We consider these damages are typical of those suffered by defendants in a lawsuit and not the special damages required to sustain a claim for malicious prosecution. We find there is no genuine issue of material fact that Craig cannot sustain a cause of action for malicious prosecution.

¶ 26 We now turn to Craig's claims that Alaeddin's summary judgment motion did not comply with the requirements set forth in section 2-1005(c) of the Code of Civil Procedure (735 ILCS 5/2-1005(c) (West 2018)) and Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013). Craig argues that the motion lacked supporting affidavits and a statement of undisputed facts, documents he claims are statutorily required.

¶ 27 Section 2-1005(c) provides that summary judgment should be granted when the documentary evidence, including "affidavits, if any," demonstrate there is no genuine issue of material fact. 735 ILCS 5/2-1005(c) (West 2018). Summary judgment may be granted with or without supporting affidavits. *Cato v. Thompson*, 83 Ill. App. 3d 321, 323 (1980). Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) sets forth the requirements when a party files affidavits with a summary judgment motion. Supporting affidavits must be made on personal knowledge, consist

of admissible facts and not conclusions, and affirmatively show the affiant may testify to the statements in the affidavit. *Id.* Neither section 2-1005(c) nor Rule 191(a) require the submission of an affidavit or a statement of facts with a summary judgment motion. We find Craig's argument to be without merit.

¶ 28        We next address Craig's assertion that the court permitted Alaeddin to bring a motion to dismiss disguised as a motion for summary judgment based on his affirmative defense. We disagree.

¶ 29        Craig asserts Alaeddin improperly used the grounds set forth in sections 2-619(a)(4) and (9) of the Code of Civil Procedure as the basis for his summary judgment motion. 735 ILCS 5/2-619(a)(4), (9) (West 2018). Section 2-619(a)(4) allows for involuntary dismissal where the "cause of action is barred by a prior judgment" and section 2-619(a)(9) provides for dismissal where "affirmative matter" defeats the claim. *Id.* Affirmative defenses may be raised in a summary judgment motion. *Aurora Bank FSB v. Perry*, 2015 IL App (3d) 130673, ¶ 20. The critical difference between a motion to dismiss based on affirmative defenses and a summary judgment motion is that the trial court may weigh the evidence and resolve factual differences in deciding a motion to dismiss while a dispute of material fact precludes summary judgment. *Turner v. 1212 S. Michigan Partnership*, 355 Ill. App. 3d 885, 892 (2005). When ruling on a summary judgment motion, the trial court does not determine the facts but only whether a genuine issue of material fact exists. *Evans v. Brown*, 399 Ill. App. 3d 238, 243 (2010). When parties file cross-motions for summary judgment, they agree the facts are not in dispute and only an issue of law is involved. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. Because the parties here submitted cross-motions for summary judgment, no factual issues were to be determined and the trial court was precluded from

11

weighing the evidence. Based on this limitation, it could not decide the case based on a disguised motion to dismiss. We reject Craig's assertion.

¶ 30    Lastly, we consider Craig's argument that Alaeddin admitted the majority of facts in Craig's statement of material facts attached to his summary judgment motion. Alaeddin admitted the following facts: discrimination is a violation of one's civil rights, every person is afforded the full benefit of the law, Ranch Liquors is a public place, Craig filed a police report and a civil rights complaint, Alaeddin received notice of the civil rights complaint, Craig made statements regarding the alleged discrimination at two televised city council meetings, Alaeddin filed a libel action against Craig which included the same parties and issues as the civil rights complaint, Alaeddin was in receipt of the complaint at a second city council meeting whereat Craig spoke about the alleged discrimination, Craig moved to dismiss the libel complaint, Alaeddin filed a response to the complaint, the trial court denied the motion to dismiss and entered a judgment in favor of Alaeddin, Craig sought written findings of facts and conclusions of law and moved for reconsideration, Alaeddin did not file a response to Craig's motion to reconsider, the trial court found in favor of Alaeddin and dismissed the libel complaint, Craig sought to modify the order, the trial court denied his motion to modify, and Alaeddin did not appeal.

¶ 31    Taking the admissions as true, they did not establish Craig's claims and do not support a grant of summary judgment in his favor. These facts do not establish the elements necessary to sustain the counts in Craig's complaint or demonstrate that he was entitled to judgment as a matter of law. Rather, the facts support the court's ruling that Alaeddin was entitled to judgement as a matter of law. We find the trial court did not err in denying Craig's motion for summary judgment and granting summary judgment in favor of Alaeddin.

¶ 32                                CONCLUSION

12

¶ 33        For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 34        Affirmed.